**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4915

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LARAY KESHAWN COPELAND, a/k/a Ray Ray,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, Chief District Judge.  (7:19-cr-00081-BO-1)

Submitted:  September 29, 2020               Decided:  October 20, 2020

Before WILKINSON, NIEMEYER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenna Turner Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laray Keshawn Copeland appeals his sentence after pleading guilty to two counts of distributing cocaine and one count of possessing with intent to distribute cocaine. On appeal, he contends that his sentence is procedurally unreasonable because the district court did not adequately explain it. The Government contends that this claim is reviewed for plain error; and he fails to show plain error affecting his substantial rights. We affirm.

"A district court is required to provide 'an individualized assessment' based on the facts before the court, and to explain adequately the sentence imposed 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "When a defendant presents non-frivolous reasons for imposing a different sentence, the district court 'must address or consider' them and explain why it has rejected them." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (citation omitted).

"The adequacy of the sentencing court's explanation depends on the complexity of each case." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). "[O]ur review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but instead, "we look at the full context" surrounding the explanation. *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020) (citation omitted). "'Absent such contextual indicators, however, we have declined to guess at the district court's rationale, searching the record for statements . . . or for any other clues that might explain a sentence.'" *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (citation

omitted). "Failure to provide such an explanation constitutes procedural error." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020) (citation omitted).

"A criminal defendant who wishes a court of appeals to consider a claim that a ruling of a trial court was in error must first make his objection known to the trial-court judge." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020). A party may preserve a claim of error by informing the court of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. *Id.* (citing Fed. R. Crim. P. 51(b)). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). "[I]f the appellant lodged his objection to the adequacy of the district court's sentencing procedure for the first time on appeal," we review the claim for plain error. *Id.* at 578.

To establish plain error, a defendant must show (1) error, (2) that was clear or obvious, and (3) the error affected his substantial rights. *United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020) (citation omitted). If he does so, we may correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (quotation marks and citation omitted). "An error affects a defendant's substantial rights if the error 'affected the outcome of the district court proceedings.'" *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) (citation omitted). "'To satisfy this requirement in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred.'" *Id*. at 184-85 (citation omitted); *cf.*

3

*United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (where defendant preserved the issue, the government had to show "the error did not have a substantial and injurious effect or influence on the result and we can [] say with . . . fair assurance . . . that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed") (internal quotation marks and citations omitted).

The district court determined that Copeland's Guidelines range was 57 to 71 months in prison; and he did not object to these calculations. Copeland asked the court to impose a sentence of 60 months in prison; and the court granted his request.[*] We therefore agree with the Government that his procedural sentencing claim is reviewed for plain error. We further conclude that even assuming the court plainly erred in not adequately explaining his sentence, he fails to show that his substantial rights were affected by the error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] On appeal, Copeland argues that he asked for a different sentence because he asked the district court to impose a concurrent sentence in another criminal case in which his supervised release was revoked; but the court imposed a consecutive sentence in the other case. However, Copeland has filed a separate appeal in the other case and may challenge the judgment imposing a consecutive sentence in that appeal.