**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4744**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN MCMILLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00269-RJC-DCK-1)

Argued:  January 29, 2020                              Decided:  March 30, 2020

Before KEENAN, WYNN, and RUSHING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by published opinion.  Judge Keenan wrote the opinion, in which Judge Wynn and Judge Rushing joined.

**ARGUED:**  Ann Loraine Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:**  Anthony Martinez, Federal Public Defender, Caryn A. Strickland, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

Benjamin McMiller was sentenced to 121 months' imprisonment and a lifetime term of supervised release for transporting and possessing child pornography. On appeal, McMiller argues that the district court erred in two discrete ways at sentencing: (1) by ordering McMiller to pay special assessments pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014; and (2) by imposing, without explanation, special conditions of supervised release banning McMiller for life from accessing the Internet or operating a social networking account without the approval of his probation officer.

Upon our review, we affirm the district court's judgment with respect to the special assessments. However, we agree with McMiller that the district court plainly erred under our precedent by failing to explain the computer-related special conditions of supervised release. We therefore vacate the conditions as procedurally unreasonable, and remand that portion of McMiller's sentence back to the district court.

I.

McMiller, an elementary school teacher, was apprehended by investigators after he "shared" child pornography with another individual using a website called "Omegle." After tracing the source of the child pornography to McMiller's address, investigators conducted a consensual search of his residence. Although McMiller denied any knowledge of child pornography and attempted to mislead the investigating officers in various ways, the officers eventually found an external hard drive concealed within McMiller's bedding,

2

unlocked it, and discovered 88 images and 54 videos of child pornography. Many of these images and videos depicted "sadistic and masochistic activity involving prepubescent children," including "infants and toddlers."

McMiller pleaded guilty without a plea agreement to one count of transportation of child pornography and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (a)(5)(B). At sentencing, McMiller initially faced a guideline range of between 151 and 188 months. However, the district court varied downward two offense levels to eliminate the enhancement for "use of a computer" set forth in USSG § 2G2.2(b)(6), explaining that the use of a computer was "something that is present in every [child pornography] case." In contrast to other common enhancements, the district court determined that McMiller's use of a computer did not "increase the seriousness of the offense" he committed, or otherwise "tie into" any sentencing factor to make his case "more significant than others."

After the elimination of the computer enhancement, McMiller's guideline range was reduced to between 121 and 151 months. Emphasizing the seriousness of McMiller's conduct and his initial attempts to conceal the evidence of his crimes, the district court sentenced McMiller to 121 months' imprisonment on each count, to be served concurrently. The court explained that a "sentence of 121 months" was necessary to account for each of the sentencing factors set forth in 18 U.S.C. § 3553(a). Without additional explanation, the court also imposed a lifetime term of supervised release, during which McMiller would be subject to "the standard sex offender conditions of supervised release that have been adopted by the Court in the Western District of North Carolina."

3

These "standard sex offender conditions" consist of fifteen special conditions of supervised release that the Western District of North Carolina has made presumptively applicable to "any person convicted of a sex offense or child pornography offense, unless affirmatively omitted by the presiding judge." Misc. Order No. 3:16-MC-221 at 1 (W.D.N.C. Dec. 8, 2016). Among other restrictions, these conditions prohibit McMiller from maintaining any social networking account and, more broadly, from possessing or using any electronic device capable of accessing the Internet without the approval of his probation officer. The district court did not separately articulate the Internet or social networking restrictions to McMiller, or otherwise identify any of the specific conditions contained in the standing order. McMiller did not object to the special conditions or ask the district court to explain why they were being imposed.[1]

Pursuant to the Justice for Victims of Trafficking Act of 2015, the district court also ordered McMiller to pay two $5,000 special assessments. 18 U.S.C. § 3014(a). Based on the presentence report (PSR), which included information about McMiller's education and future earnings potential, the court found that it was "feasible" for McMiller to pay the assessments through a combination of immediate payments, contributions through the Bureau of Prisons Inmate Financial Responsibility Program while incarcerated, and monthly installments of $50 upon release. McMiller did not object to these rulings, or to

---

[1] Through counsel, McMiller asked the district court to "to allow the probation officer to modify any special sex offender conditions where appropriate . . . [j]ust to give a little bit of flexibility as they are somewhat draconian." In response, the court noted that the probation office already had that "inherent authority," but agreed to "put that in the judgment." The court did not include any notation of this sort in the judgment.

4

the financial report contained in the PSR, which recommended the approach that the court adopted.

## II.

McMiller advances two issues on appeal. First, McMiller argues that the district court plainly erred when it determined, based on future earnings potential, that McMiller could pay special assessments under 18 U.S.C. § 3014. Second, McMiller argues that the court erred procedurally and substantively when it imposed, without explanation, special "sex offender conditions" of supervised release severely restricting his access to the Internet and social networking websites. We address each argument in turn.

## A.

We begin with McMiller's challenge to the special assessments that the district court imposed pursuant to 18 U.S.C. § 3014. Because McMiller did not object to the special assessments, we apply plain error review. *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, McMiller must show that an error occurred, that it was plain, and that it affected his substantial rights. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). Even then, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation omitted).

Section 3014 mandates $5,000 special assessments for all "non-indigent" defendants convicted of certain offenses, including child pornography offenses. 18 U.S.C. § 3014(a), (a)(3). McMiller argues that the district court plainly erred by ordering the

assessments without making an explicit finding of "non-indigence" and, alternatively, by finding that he was "non-indigent" based on his future earnings potential. We disagree.

The district court ordered McMiller to pay assessments under Section 3014 based on the recommendation of the probation officer, who considered McMiller's "financial resources and assets, financial obligations, projected earnings, other income, age, education, health, dependents, and work history." Based on that information, particularly McMiller's job history and master's degree, the probation officer concluded that McMiller likely could find employment while on supervision and, thus, would be able to pay the assessments. Relying on the recommendation contained in the PSR, the district court determined that it would be "feasible" for McMiller to pay off the balance of the special assessments in monthly installments of $50 once he was released from prison. "In light of the special assessments," the district court found that McMiller would not be able to pay interest or additional fines.

The district court's ruling reflects at least an implicit determination that McMiller was "non-indigent," and we conclude that this implicit finding was both adequate under the circumstances and not plainly erroneous. McMiller made no objection to the financial report in the PSR or to the imposition of the special assessments, and he affirmatively emphasized his master's degree and employment history in seeking a downward variance. Under these circumstances, the district court did not plainly err in failing to make a more

6

explicit finding that McMiller was "non-indigent," or in determining that it would be "feasible" for McMiller to pay the assessments while on supervised release.[2]

We also hold that the district court properly considered McMiller's future earnings potential in imposing the special assessments. The text of Section 3014 requires assessments to be collected in the same manner as criminal fines, 18 U.S.C. § 3014(f), and the obligation to pay such fines generally extends 20 years from a defendant's release from prison, *see* §§ 3014(g), 3613(b). Moreover, the Sentencing Guidelines plainly treat a defendant's future ability to pay as relevant to the imposition of fines. *See* USSG § 5E1.2(a) (directing fines to be imposed unless "the defendant establishes that he is unable to pay *and is not likely to become able to pay any fine*" (emphasis added)). McMiller's suggestion that the assessments can be ordered only if the defendant can pay them on the day that the sentence is imposed is inconsistent with these directives.

For these reasons, we agree with our sister circuits that a district court may consider a defendant's future earnings potential when determining his ability to pay an assessment under 18 U.S.C. § 3014(a). *See United States v. Shepherd*, 922 F.3d 753, 758-59 (6th Cir. 2019); *United States v. Graves*, 908 F.3d 137, 141 (5th Cir. 2018); *United States v. Kelley*,

---

[2] We also reject McMiller's argument that the court's decision not to impose interest or fines contradicts its decision to impose the assessments. As the record makes clear, the district court declined to impose a fine expressly *because* of the burden already imposed by the special assessments. Thus, there is no inconsistency in the court's analysis.

861 F.3d 790, 802 (8th Cir. 2017). Therefore, we hold that the district court did not err, much less err plainly, in ordering McMiller to pay the special assessments. [3]

B.

We next consider McMiller's challenge to the "sex offender conditions of supervision" imposed by the district court. McMiller seeks to vacate two of the fifteen conditions, conditions 9 and 13, which prohibit McMiller from owning or using any electronic device capable of accessing the Internet and from maintaining any social networking account without prior approval from his probation officer. Because McMiller did not object to these conditions at the time of his sentencing, we again apply plain error review.[4] *United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015).

The government argues that both special conditions should be affirmed, because the district court explained the sentence "as a whole" and because the challenged conditions independently satisfy the requirements of 18 U.S.C. § 3583(d). We disagree, and conclude that the district court committed procedural error in imposing special conditions 9 and 13.

---

[3] In reaching this conclusion, we note that the district court expressly ordered the probation officer to "monitor the defendant's economic circumstances" and "report . . . any material changes that affect his ability to pay." Thus, if the court's evaluation of McMiller's future earnings potential proves inaccurate, the court will be well-positioned to adjust that evaluation.

[4] McMiller argues that he preserved his objections to the conditions of supervised release by seeking a different *length* of supervised release term, and therefore that the abuse of discretion standard applies. In support, he cites *United States v. Ross*, 912 F.3d 740, 746 n.2 (4th Cir. 2019). Because we agree with McMiller that remand is necessary even under the more stringent standard of plain error review, we need not decide this issue.

District courts have a duty to explain the sentences they impose. *Gall v. United States*, 552 U.S. 38, 50 (2007). "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (citation omitted). In all cases, however, the explanation must at least be sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. Failure to provide such an explanation constitutes procedural error. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

As we recently have made clear, a sentencing court's duty to provide an explanation for the sentence imposed also requires that the court explain any special conditions of supervised release. *See United States v. Arbaugh*, 951 F.3d 167, 178 (4th Cir. 2020) ("Just as with other parts of a sentence, the district court must adequately explain any special conditions of supervised release."); *United States v. Ross*, 912 F.3d 740, 745-46 (4th Cir. 2019) ("The requirement that the district court adequately explain Ross's term of confinement similarly applies to the special conditions of his supervised release."). This duty arises from 18 U.S.C. § 3583(d), which requires that special conditions of supervised release be: (1) "reasonably related" to the statutory goals of deterrence, protection of the public, and rehabilitation; (2) "no greater [a] deprivation of liberty than is reasonably necessary" to achieve those statutory goals; and (3) consistent with any relevant policy statements issued by the Sentencing Commission. Unless a district court explains why particular special conditions are being imposed, "we have no basis for determining whether they are reasonably related to the[se] factors." *Arbaugh*, 951 F.3d at 178 (quoting *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009)).

9

The district court did not adhere to these precedents in imposing the special conditions of supervised release at issue here. Although the court thoughtfully detailed why it viewed a sentence of 121 months' imprisonment as appropriate in light of the various sentencing factors, the court offered no explanation at all for imposing the special conditions of supervised release. Instead, in summarily ordering McMiller to comply with the "standard sex offender conditions of supervised release that have been adopted by the Court in the Western District of North Carolina," the court appeared to rely on a standing order imposing such conditions in all cases involving sex offenses within that district.

Moreover, contrary to the government's suggestion, we cannot glean the district court's reasons for imposing the challenged conditions by examining the rationale for the sentence "as a whole." The court referred only to a "sentence of 121 months" when discussing the sentencing factors of Section 3553(a), and made no attempt to link its explanation for McMiller's term of confinement with the term or conditions of supervised release.

Under our precedent, the district court's failure to give an explanation for the special conditions of supervised release is reversible plain error. *Arbaugh*, 951 F.3d at 179; *Ross*, 912 F.3d at 746. After imposing a lifetime term of supervised release, the district court had a duty to explain to McMiller "why he faces special conditions that will forever modify the course of his life." *Ross*, 912 F.3d at 746. And, importantly, this duty cannot be satisfied or circumvented through the adoption of a standing order purporting to impose special conditions of supervised release across broad categories of cases or defendants. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) ("[S]pecial conditions must

10

be tailored to the individual defendant and may not be based on boilerplate conditions imposed as a matter of course in a particular district."); *United States v. Kelly*, 625 F.3d 516, 520 (8th Cir. 2010) ("Courts may not impose special conditions categorically on all individuals convicted of certain offenses.").

We acknowledge that there may be instances when a special condition is so unobtrusive, or the reason for it so self-evident and unassailable, that remand will be unnecessary. *See United States v. Olano*, 507 U.S. 725, 732 (1993) (instructing courts not to correct a forfeited error unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." (citation omitted)). Additionally, as with other aspects of sentencing, the amount of explanation required to permit meaningful appellate review of supervised release conditions undoubtedly will vary with the nature of the condition imposed and the circumstances of each case. *Blue*, 877 F.3d at 518.

This case, however, does not present difficult line-drawing concerns. The Internet and social networking conditions that McMiller challenges are exacting, were imposed for the rest of McMiller's life, and were left wholly unexplained. McMiller's case is therefore indistinguishable in all relevant respects from our recent decisions in *Arbaugh* and *Ross*, which involved conditions similar to and less onerous than those challenged by McMiller. *See Arbaugh*, 951 F.3d at 178 n.3; *Ross*, 912 F.3d at 744. In each case, applying plain error review, we vacated the special conditions, holding that the district court erred procedurally

11

by failing to adequately explain them. *See Arbaugh*, 951 F.3d at 179; *Ross,* 912 F.3d at 746. We do not discern any basis for reaching a different outcome here.[5]

In accord with our decisions in *Arbaugh* and *Ross*, we hold that McMiller's challenge to two of the special conditions of his supervised release satisfies the requirements of plain error review. *Olano*, 507 U.S. at 731-32. A defendant's right to know "why he faces special conditions that will forever modify the course of his life" is substantial. *Ross*, 912 F.3d at 746. Consequently, when a court's explanation for such special conditions is so lacking that it deprives the defendant of meaningful appellate review, that error necessarily affects the defendant's substantial rights. *Id.*; *see also Arbaugh*, 951 F.3d at 178 ("[W]e are not permitted to substitute our assessment of the record for the district court's obligation to explain its rationale in the first instance."). Finally, because an adequate explanation is also necessary "to promote the perception of fair sentencing," *Gall*, 552 U.S. at 50, we conclude that the absence of such an explanation "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (citation omitted).

For these reasons, we conclude that McMiller has met his burden under plain error review. Accordingly, we vacate special conditions 9 and 13 as procedurally unreasonable

---

[5] The fact that our decisions in *Arbaugh* and *Ross* were published after McMiller's sentencing does not alter our analysis. For purposes of plain error review, "it is enough that an error be 'plain' at the time of appellate consideration." *Henderson v. United States*, 568 U.S. 266, 279 (2013) (citation omitted).

12

and remand to the district court for further explanation.[6]  We affirm the balance of McMiller's sentence.

III.

In sum, we affirm the district court's judgment in part, reverse in part, and remand the case to the district court for resentencing with respect to special conditions 9 and 13 of supervised release.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED.*

---

[6] Because we conclude that the imposition of the challenged special conditions was procedurally unreasonable, we do not reach the issue of their substantive reasonableness. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) ("If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed[.]") (citation and internal quotation marks omitted).