**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4368**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRIUS FRANKLIN AUTRY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00477-D-1)

Submitted:  April 21, 2021                     Decided:  April 23, 2021

Before MOTZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrius Autry pleaded guilty, without a written plea agreement, to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing on June 19, 2020, the district court sentenced Autry to a 77-month prison term, to be followed by three years of supervised release. The court also imposed two financial conditions of supervision through reference to a standing order. On appeal, Autry contends that the district court did not adequately explain why it was imposing the two financial conditions of supervision.* The Government has filed a motion to remand the case for resentencing. We grant the motion, vacate Autry's sentence, and remand for resentencing.

We review conditions of supervised release for abuse of discretion. *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021); *United States v. Lewis*, 958 F.3d 240, 243 & n.2 (4th Cir. 2020). "District courts have broad latitude to impose conditions on supervised release." *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted). "The [district] court may impose any special condition that is reasonably related to the statutory sentencing factors." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(d). "[A] sentencing court's duty to provide an explanation for the sentence imposed also requires

---

* Autry also contends that his term of incarceration is procedurally unreasonable, that the district court did not adequately explain why it was imposing a warrantless search condition, and that one of the financial conditions is an impermissible delegation of authority. In light of our decision to grant the Government's motion, we do not address these issues at this juncture. *See United States v. Singletary*, 984 F.3d 341,346 (4th Cir. 2020). Autry may reassert his sentencing challenges in an appeal following resentencing if he desires to pursue them.

2

that the court explain any special conditions of supervised release." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020).

"[A]ll non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," *United States v. Rogers*, 961 F3d 291, 296 (4th Cir. 2020), including discretionary "standard" conditions, *id.* at 297-98. "[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation," *id.* at 299, including to a standing order, *id.* at 299-300. If the district court fails to do so, then the conditions were not actually imposed. *See id.* at 300. This requirement preserves defendants' rights to be present during sentencing and "gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in 18 U.S.C. § 3583(d)." *Id.* If a district court imposes discretionary conditions only in the written judgment, we vacate the sentence and remand for resentencing. *Id.* at 300-01.

We need not reach the question of whether the district court adequately explained the financial conditions because the district court did not orally pronounce those conditions in the first place. When the district court sentenced Autry on June 19, 2020, it referred to an Eastern District of North Carolina standing order. However, the standing order specifying conditions of supervised release, including the financial conditions, was not adopted until June 25, 2020. *See In re Mandatory and Standard Conditions of Probation and Supervised Release*, 20-SO-8 (E.D.N.C. June 25, 2020), available at http://www.nced.uscourts.gov/data/StandingOrders/20-SO-8.pdf (saved as ECF opinion

attachment).  Because the standing order did not exist when Autry was sentenced, Autry was left with no "chance to object to [the financial] conditions."  *Rogers*, 961 F.3d at 300.

Accordingly, we grant the Government's motion, vacate Autry's sentence, and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*