**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4106**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RYAN SCOTT KIBBLE,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:19-cr-00077-1)

Argued: September 24, 2021           Decided: November 15, 2021

Before GREGORY, Chief Judge, and MOTZ and THACKER, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

**ARGUED:** Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Jennifer Rada Herrald, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Wesley P. Page, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Lisa G. Johnston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Kibble ("Appellant") appeals the imposition of a $5,000 mandatory special assessment pursuant to the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014(a). Specifically, Appellant claims the district court erred by imposing the assessment without finding he was non-indigent.

Because the district court did not make a finding as to Appellant's non-indigency, we reverse and remand.

I.

Appellant pled guilty to traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). Appellant's plea agreement included an appeal waiver in which he "waive[d] the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the district court, or the manner in which the sentence was determined." J.A. 57.[1]

At the sentencing hearing, the district court sentenced Appellant to a term of 57 months of imprisonment, 15 years of supervised release, and a $5,000 mandatory special assessment pursuant to the JVTA. Appellant did not object to his sentence of imprisonment or supervised release. However, Appellant challenged the imposition of the $5,000 special assessment. Appellant objected because his "reading of the statute is that [the special assessment] only applies if [the court] make[s] a finding that [he] is not indigent." J.A.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

149. In support of his objection, Appellant noted several factors that could support a finding of indigency, including the fact that he was represented by appointed counsel and the finding in the pre-sentence investigation report ("PSR") that he could not afford to pay a fine. The Government responded that simply having appointed counsel does not make a person per se indigent. On the other hand, the Government also observed that the PSR reflects "that the defendant is lacking in assets if the Court was inclined to find that he was, in fact, indigent." *Id.* at 150.

The district court overruled Appellant's objection. In so ruling, the district court did not directly respond to the arguments of the parties. Instead, the court stated, "Well, I'm inclined to leave [the special assessment] like it is. To me it's -- I think you can draw a parallel between this and a restitution payment which may be ordered even in the absence of … a court's finding that the defendant has the ability to pay a fine." J.A. 150.

After overruling Appellant's objection and imposing the special assessment, the district court did not assess any fines because it found Appellant was unlikely to be able to pay the fine range of $20,000 to $200,000, and that a fine obligation could jeopardize Appellant's ability to pay the special assessment. Finally, the district court observed, "The Court does believe that [he] has the potential for sufficient earning capacity following his period of incarceration to enable him to make the $5,000 payment." *Id.* at 152. However, the district court did not explain why it held this belief.

Following the sentencing hearing, the district court filed a detailed Memorandum of Sentencing and Statement of Reasons ("SOR") in support of the sentence. The SOR analyzed Appellant's financial condition including his net worth, cash flow, and work

4

history to bolster the district court's determination at the sentencing hearing that Appellant had the future earning potential to enable him to pay the $5,000 special assessment.

Appellant timely appealed, challenging only the special assessment aspect of his sentence. The Government argues we must dismiss this appeal due to the appeal waiver contained in Appellant's plea agreement.

## II.

We review the validity of an appeal waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

Whether 18 U.S.C. § 3014(a) requires the district court to determine if a defendant is not indigent before imposing a $5,000 special assessment is an issue of statutory interpretation. We review issues of statutory interpretation de novo. *See United States v. Frank*, 8 F.4th 320, 325 (4th Cir. 2021).

## III.

### A.

At the outset, the Government contends this appeal should be dismissed because Appellant waived his right to appeal his sentence in his plea agreement. As noted, Appellant's plea agreement includes an appeal waiver which states, "[Appellant] … knowingly and voluntarily waive[s] the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the district court, or the manner in which the sentence was determined." J.A. 57. Generally, we will enforce appeal waivers if the waiver is valid, and the issue being appealed is within the

5

scope of the waiver. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). The Government argues this appeal challenges "the manner in which the sentence was determined" and is therefore within the scope of the appeal waiver.

However, a defendant cannot waive the right to appeal an illegal sentence. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995). A sentence imposed above the statutory maximum is illegal because such a sentence is imposed in excess of the court's statutory power. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). For example, in *Broughton-Jones*, we vacated a restitution order because the relevant statute did not authorize restitution absent a finding of pecuniary loss to the defendant. 71 F.3d at 1148–49. Similarly, in *United States v. White*, we declined to enforce an appeal waiver where the defendant was sentenced in accordance with the Armed Career Criminal Act but it was questionable whether he had committed a qualifying predicate offense. 987 F.3d 340, 342 n. 2 (4th Cir. 2021).

In both of these cases, harsher punishments were available because of a statutorily required prerequisite fact. When the prerequisite fact is not present, the district court lacks discretion to sentence above the available statutory maximum. And with regard to the JVTA, a finding of non-indigency is the key that unlocks the availability of the $5,000 assessment. Absent such a finding, just as in *White* and *Broughton-Jones*, imposing a special assessment is beyond the authority of the district court.

Appellant asserts no such finding was made here. His argument is not focused on "the manner in which the sentence was determined," as the Government argues, but instead challenges the district court's power to impose the special assessment at all. Therefore,

this appeal turns on whether Appellant's sentence is illegal, which takes the appeal outside the scope of the appeal waiver in Appellant's plea agreement. The Government's motion to dismiss this appeal is denied.

B.

Turning to the merits of the appeal, Appellant argues the district court erred by imposing the $5,000 special assessment because it did not make a finding as to Appellant's non-indigency as required by the JVTA. The Government does not dispute the statutory requirement to make this finding but argues the district court implicitly found Appellant was non-indigent.

1.

The JVTA states in relevant part, "The court *shall* assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under … chapter 117 (relating to transportation for illegal sexual activity and related sexual crimes)." 18 U.S.C. § 3014(a)(4) (emphasis supplied).

When interpreting a statute, we begin with the text. *United States v. Bryant*, 949 F.3d 168, 174 (4th Cir. 2020). When the statute's language is plain, "the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Kadel v. N.C. State Health Plan for Teachers & State Emps.*, 12 F.4th 422, 434 (4th Cir. 2021) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)).

Here the statute is straightforward and clear. There are two requirements that must be met before a special assessment is ordered: the defendant must be (1) non-indigent and

(2) convicted of a qualifying offense. The use of the mandatory language "shall" leaves the district court with no discretion but to impose the assessment if the conditions are met. The corollary -- that a failure to satisfy either requirement renders the statute inapplicable -- applies with equal force. Therefore, a district court must make a finding that *both* requirements are met before imposing the $5,000 special assessment pursuant to the JVTA. But this finding does not need to be explicit. *See United States v. McMiller*, 954 F.3d 670, 674 (4th Cir. 2020) (determining that implicit finding of non-indigency was "adequate").

2.

In this case, Appellant and the Government disagree about whether the district court met the statutory requirement to find Appellant non-indigent before imposing the special assessment. Appellant argues the district court made no finding regarding his indigency. The Government counters that the district court implicitly found Appellant was non-indigent when the court stated it believed Appellant had the potential for sufficient earning capacity to pay the assessment. We agree with Appellant.

For its part, the Government relies on *McMiller* to support its claim that the district court made a non-indigency finding. The defendant in *McMiller* was convicted of a qualifying offense, and a mandatory special assessment was imposed over no objection. 954 F.3d at 674. In imposing the special assessment, the district court stated it considered McMiller's "financial resources and assets, financial obligations, projected earnings, other income, age, education, health, dependents, and work history" and determined it was "feasible" for McMiller to pay the assessment. *Id.*

8

In contrast, even though Appellant objected below, the district court in this case did not conduct an individualized evaluation of Appellant's ability to pay. In fact, the district court in this case believed that it need not make a factual finding regarding indigency. Instead, it compared the $5,000 special assessment to restitution, which the district court stated does not require a finding that the defendant is able to pay the amount imposed.[2] Indeed, the Government concedes the district court's "initial response to the objection misstates the law [about the special assessment] and does not appear to make a finding." Oral Argument at 14:54-15:01, United States v. Kibble, No. 20-4106 (Sept. 24, 2021), available at http://ca4.uscourts.gov/oral-argument/listen-to-oral-arguments.

There is a difference between an implicit finding of non-indigency and no finding at all. In *McMiller*, the district court assessed specific facts relevant to the defendant in making its decision that he could afford to pay the assessment. 954 F.3d at 674 (focusing on the defendant's master's degree and job history, financial resources, financial obligations, dependents, health, and age). In contrast, the district court in this case did not

---

[2] The district court's legal contention that restitution can be ordered in the absence a finding regarding ability to pay is only partially correct. There are two federal restitution statutes, 18 U.S.C. § 3663 and 18 U.S.C. § 3663A. The first, 18 U.S.C. § 3663, commonly known as the Victim and Witness Protection Act ("VWPA"), requires the district court to consider the defendant's ability to pay. 18 U.S.C. § 3663(a)(1)(B)(i)(II) ("The court, in determining whether to order restitution under this section, *shall consider* . . . the financial resources of the defendant." (emphasis supplied)); *United States v. Leftwich*, 628 F.3d 665, 668 (4th Cir. 2010) (stating that district court must make findings about defendant's financial situation before imposing restitution pursuant to VWPA). On the other hand, 18 U.S.C. § 3663A, commonly known as the Mandatory Victims Restitution Act ("MVRA"), mandates imposing restitution for certain crimes "irrespective of a defendant's financial condition or ability to pay." *United States v. Ritchie*, 858 F.3d 201, 207 (2017).

consider any facts specific to Appellant before imposing the special assessment, and contrary to the Government's argument, the court's conclusory statement that Appellant could pay the $5,000 assessment was not a sufficient finding. It bore none of the indicia of the implicit finding we held was sufficient in *McMiller*. It was not until its post-sentencing SOR that the district court analyzed Appellant's financial condition relative to his ability to pay the imposed special assessment.

3.

The Government argues that even if there was error here, it was harmless because the district court's post-sentencing SOR indicates that the district court would simply impose the $5,000 special assessment again, and we should therefore affirm the district court's imposition of the special assessment. Therefore, the argument goes, any error is harmless. We are not convinced.

First and foremost, the post-sentencing SOR was written without the opportunity for Appellant to weigh in. Sentencing hearings are adversarial and benefit from full arguments from both parties. *See United States v. Blastein*, 482 F.3d 725, 731 (4th Cir. 2007). A post-sentencing statement of reasons does not replace an adversarial hearing. Subsequent reasoning to support a sentence, without an opportunity for parties to object, cannot by itself excuse error. To the extent Appellant made arguments before the district court at the sentencing hearing, the district court disregarded them by stating it did not need to make a non-indigency finding prior to imposing the assessment. Because Appellant did not have the opportunity to be heard on the issue, we cannot say the error here was harmless.

IV.

Before imposing the $5,000 special assessment pursuant to 18 U.S.C. § 3014(a) the district court must make a finding of non-indigency. Therefore, we reverse and remand.

*REVERSED AND REMANDED*

11