**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4167**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES AUSTIN ALGER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00062-FL-1)

Submitted:  January 31, 2022                  Decided:  February 4, 2022

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Austin Alger, Jr., pled guilty, without a plea agreement, to both counts of an indictment charging him with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). Based on a total offense level of 25 and a criminal history category of V, Alger's advisory Guidelines range was 100 to 125 months' imprisonment. The district court sentenced Alger to 120 months' imprisonment on each count, to run concurrently, followed by three years of supervised release.

Although his advisory Guidelines range for a fine was $20,000 to $200,000, the district court imposed a $2000 fine. The standard conditions of supervised release included the prohibition that Alger "not incur new credit charges or open additional lines of credit without approval of the probation officers," and required Alger to "provide the probation office with access to any financial information."

Alger appeals, challenging the two financial conditions contained in his supervised release. Because he did not object at sentencing, however, our review is limited to plain error. *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). To establish plain error, Alger "must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. White*, 405 F.3d 208, 215 (4th Cir. 2005). Even if Alger satisfies this standard, we will not reverse "unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

We have reviewed the record, including the transcript of Alger's sentencing hearing. Although the district court erred in failing to explain these conditions, we do not find that

the error amounts to plain error.  Nor do we find that these constitute an impermissible delegation of authority to the probation officer.  *See United States v. Comer*, 5 F.4th 535, 547 (4th Cir. 2021).  Therefore, we affirm the judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*