**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4341**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACQUES YVES SEBASTIEN DUROSEAU,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever, III, District Judge.  (4:20-cr-00003-D-1)

_____

Submitted:  March 3, 2023                          Decided:  March 29, 2023

_____

Before DIAZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Casey L. Peaden, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

USCA4 Appeal: 22-4341    Doc: 24    Filed: 03/29/2023    Pg: 2 of 5

PER CURIAM:

Jacques Yves Sebastien Duroseau appeals the amended judgment of conviction entered after resentencing. Duroseau was convicted of several offenses after he tried to smuggle firearms from the United States into Haiti. On appeal, this court vacated one of the convictions and remanded for resentencing. *United States v. Duroseau*, 26 F.4th 674 (4th Cir. 2022). At resentencing, Duroseau was sentenced to 63 months' imprisonment and three years' supervised release. The revised presentence report prepared for the resentencing included proposed special conditions of supervised release. Of relevance to this appeal, the district court adopted the proposed special condition that permits warrantless searches of Duroseau's person, home, vehicle, papers, and electronic devices and similar items. Duroseau contends that this special condition is both procedurally and substantively unreasonable. Finding no plain error, we affirm.

To preserve objections to proposed conditions of supervised release, they "must be made with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir. 2022) (internal quotation marks omitted). We conclude that Duroseau's objection to a term of imprisonment within the Sentencing Guidelines range was not specific enough to preserve a challenge to the proposed special conditions of supervised release. Accordingly, our review is for plain error. *Id.* at 612; *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). "To establish plain error, [Duroseau] must show that an error occurred, that it was plain, and that it affected his substantial rights." *McMiller*, 954 F.3d at 674. Duroseau must also show that the error "seriously affects the fairness, integrity or public

3

reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "[D]istrict courts have 'broad latitude' in this space. Still, conditions of supervised release must comply with the requirements of 18 U.S.C. § 3583(d). That is, they must (1) be 'reasonably related' to the nature and circumstances of the offense, the history and characteristics of the defendant, and the statutory goals of deterrence, protection of the public, and rehabilitation; (2) involve 'no greater deprivation of liberty than is reasonably necessary' to achieve those purposes; and (3) accord with any pertinent Sentencing Commission policy statements." *United States v. Castellano*, __ F.4th __, __, No. 21-4419, 2023 WL 2056029, at *5 (4th Cir. Feb. 17, 2023) (citation and internal quotation marks omitted).

While the district court must explain any special condition of supervision, it "need not robotically tick through an explanation for each supervised release condition," but it "must offer enough of an explanation to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority." *United States v. Suiero*, 59 F.4th 132, 143 (4th Cir. 2023) (cleaned up). The reasons for some special conditions of supervision may be "so self-evident and unassailable" that a particularized explanation may be unnecessary. *Id*. "[T]he amount of explanation required to permit meaningful appellate review of supervised release conditions undoubtedly will vary with the nature of the condition imposed and the circumstances of each case." *McMiller*, 954 F.3d at 677.

The district court described in detail the offense conduct, noting the planning and forethought that went into Duroseau's scheme. The court also noted evidence showing that Duroseau had the weapons at his home before he tried to smuggle them into Haiti. And

4

the court highlighted Duroseau's prior assault conviction to undermine counsel's claim that Duroseau was a man of peace. The court also observed that Duroseau did not express remorse for his smuggling scheme and appeared to be driven by self-gratification and ego. Given the seriousness of the crimes, and Duroseau's lack of remorse or any indication that he would not attempt to engage in similar conduct to provide firearms training to the Haitian military, it is self-evident why the special condition was warranted.

Accordingly, we conclude that there was no plain error. And even if there were error in the district court's explanation, it did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *McMiller*, 954 F.3d at 674 (internal quotation marks omitted). We affirm the amended judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*