**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4373

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORDAN COLE LAWS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Ashville.  Max O. Cogburn, Jr., District Judge.  (1:19-cr-00076-MOC-WCM-1)

Submitted:  October 3, 2022                          Decided:  May 19, 2023

Before GREGORY, Chief Judge, KING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Cole Laws pled guilty, pursuant to a plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Laws contends that the district court erroneously determined that he was non-indigent and thereby erred in imposing a mandatory $5,000 special assessment under 18 U.S.C. § 3014. We affirm.

Section 3014(a) provides that, "in addition to the assessment imposed under [18 U.S.C. §] 3013, the [district] court shall assess an amount of $5,000 on any non-indigent person . . . convicted of [enumerated] offense[s]," including, as here, possession of child pornography. § 3014(a)(3). The $5,000 assessment "shall . . . be collected in the manner that fines are collected in criminal cases." § 3014(f); *see* 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.").

Laws bore the burden of showing that he was indigent. *See United States v. Kelley*, 861 F.3d 790, 800 n.5, 801 (8th Cir. 2017). We review for clear error the district court's factual finding that Laws was non-indigent and review de novo "[w]hether the district court applied the correct legal standard in assessing [Laws'] non-indigence." *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018); *see Kelley*, 861 F.3d at 801. "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (internal quotation marks omitted).

2

Laws correctly notes that the district court found he was indigent at the time of sentencing. However, as Laws recognizes on appeal, district courts may also "consider a defendant's future earnings potential when determining his ability to pay an assessment under" § 3014(a). *See United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). Instead, Laws contends that the record did not support the district court's finding that Laws would ever have the ability to pay the assessment.

We have reviewed the record and conclude that the district court did not clearly err in imposing an assessment under § 3014(a). Although Laws did not graduate from high school and does not have a significant employment history, the district court found that Laws appeared able-bodied and, as Laws argued in seeking lenience, that he intended to obtain his high school equivalency degree while in prison. Furthermore, the district court allowed Laws to make $50 monthly payments toward the $5,000 assessment without interest, which provides Laws with a significant period of time to pay the assessment. In light of these facts, we are not "left with the definite and firm conviction" that the district court made a mistake in imposing the assessment under § 3014(a). *Doctor*, 958 F.3d at 234 (internal quotation marks omitted).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*