**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4072

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDALL LEE PEGGS, a/k/a Randy Peggs,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:19-cr-00304-2)

Submitted:  August 21, 2023                    Decided:  August 25, 2023

Before GREGORY, AGEE, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Kristin F. Scott, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Lee Peggs pled guilty, pursuant to a written plea agreement, to conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(a), (e). Peggs contends that the district court erred by imposing a mandatory $5,000 special assessment under 18 U.S.C. § 3014 without finding that he was non-indigent. He also asserts that the court abused its discretion by ordering $42,900 in restitution. We vacate the special assessment and remand for further proceedings, and we affirm the district court's imposition of restitution.

Regarding the special assessment, "the [district] court shall assess an amount of $5,000 on any non-indigent person . . . convicted of [enumerated] offense[s]," including, as here, conspiracy to produce child pornography. 18 U.S.C. § 3014(a)(3). Peggs bore the burden of showing that he was indigent. *See United States v. Meek*, 32 F.4th 576, 582 (6th Cir. 2022). We review for clear error the district court's factual finding that Peggs was non-indigent and review de novo "[w]hether the district court applied the correct legal standard in assessing [Peggs'] non-indigence." *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (internal quotation marks omitted).

In *United States v. McMiller*, we rejected the defendant's challenge to the § 3014(a) assessment under plain error review. 954 F.3d 670, 674-75 (4th Cir. 2020). There, the probation officer recommended ordering the assessment after considering "[defendant's] financial resources and assets, financial obligations, projected earnings, other income, age,

2

education, health, dependents, and work history," with a particular emphasis on "[defendant's] job history and master's degree." *Id.* at 674 (internal quotation marks omitted). Relying on the probation officer's findings, the district court determined that the defendant could pay the assessment in monthly installments of $50 upon being released from prison. *Id.* We concluded that the district court did not plainly err because the defendant did not object to the financial findings in the presentence report and "emphasized his master's degree and employment history in seeking a downward variance." *Id.* at 674.

However, we have held that a § 3014(a) special assessment cannot stand where the district court failed to "conduct an individualized evaluation of [defendant's] ability to pay," *United States v. Kibble*, No. 20-4106, 2021 WL 5296461, at *3 (4th Cir. Nov. 15, 2021) (argued but unpublished),* and made "no finding [of non-indigency] at all," *id.* at *4. In *Kibble*, the defendant objected to the special assessment, and the court overruled the objection, stating that "[it was] inclined to leave the special assessment like it is." *Id.* at *1. We explained that this statement was unlike the implicit finding of indigency in *McMiller* because "the district court . . . did not consider any facts specific to [defendant] before imposing the special assessment." *Id.* at *4. We also determined that the district court's postsentencing statement of reasons did not render the error harmless because the defendant did not have an opportunity to be heard on the issue. *Id.*

---

* The decision in *Kibble* is unpublished and thus not precedential, but it is instructive in this case.

3

Like the defendant in *Kibble*, Peggs objected to the district court's imposition of the § 3014(a) special assessment, and the court imposed the enhancement without considering any facts specific to Peggs. Although the district court discussed the possibility of Peggs winning the lottery, such an unlikely windfall could occur in any case. Thus, the court failed to conduct an individualized evaluation of Peggs' ability to pay and did not make an implicit finding of non-indigency. Furthermore, as in *Kibble*, the court's postsentencing statement of reasons did not render the error harmless because Peggs did not have an opportunity to be heard on the issue. Thus, the district court clearly erred in imposing the assessment. Accordingly, we vacate this portion of the judgment.

Next, Peggs asserts that the district court abused its discretion in ordering restitution. We review a restitution order for abuse of discretion. *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018). Because federal courts must rely on statutory authority to order restitution, "discretion in ordering restitution is circumscribed by the procedural and substantive protections of the statute authorizing restitution." *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017) (cleaned up). We review any legal issues concerning the interpretation of a restitution statute de novo. *United States v. Ocasio*, 750 F.3d 399, 412 (4th Cir. 2014). The Government must establish an appropriate amount of restitution by a preponderance of the evidence. *Steele*, 897 F.3d at 614 n.5.

Restitution is mandatory in this case under 18 U.S.C. § 2259(a), and the victim should be compensated for the full amount of losses, 18 U.S.C. § 2259(b)(1). The full amount of losses includes "medical services relating to physical, psychiatric, or psychological care [and] physical and occupational therapy or rehabilitation," among other

4

things.  18 U.S.C. § 2259(c)(2)(A)-(B).  The amount of restitution need not "be proven with exactitude." *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012).  "[D]etermining the dollar amount of a victim's losses attributable to the defendant will often be difficult[,] and such a determination will inevitably involve some degree of approximation, which is not fatal." *Id.* (internal quotation marks omitted).  The district court should establish "the amount of the victim's loss with some reasonable certainty." *Id.* (cleaned up).

We are not persuaded that the district court erred in calculating restitution in this case.  The court conducted an individualized assessment of the minor victim's future need for counseling and acted within its discretion in ordering restitution.  Peggs argues that the district court abused its discretion by ordering him to pay restitution based on a letter from the victim's counselor.  But we disagree, as the court's individualized assessment properly considered the losses "caused by [Peggs'] conduct." *In re Sealed Case*, 702 F.3d at 59.

We therefore affirm the district court's order of restitution, and we vacate the § 3014(a) special assessment and remand for further proceedings.  We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5