**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4188**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRANK LOUIS OLIVER, III,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00107-KDB-DCK-1)

───────────────

Submitted:  September 14, 2023                    Decided: September 18, 2023

───────────────

Before WILKINSON, GREGORY, and RICHARDSON, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF**: Joshua B. Howard, GAMMON HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Louis Oliver, III, was convicted by a jury of two counts of distribution of 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced Oliver to 108 months' imprisonment. On appeal, Oliver contends that his sentence is unreasonable because the district court failed to adequately address defense counsel's sentencing arguments and failed to adequately explain the supervised release condition prohibiting Oliver from associating with known felons. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). When considering a challenge to the reasonableness of a sentence imposed by the district court, "we consider both substantive reasonableness, considering the totality of the circumstances, and procedural reasonableness, ensuring that the district court committed no significant procedural error, such as miscalculating the sentencing guidelines, failing to consider the [18 U.S.C.] § 3553(a) criminal and personal history factors, or selecting a sentence based on erroneous facts." *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (internal quotation marks and brackets omitted). We review for procedural errors first and consider the substantive reasonableness of the sentence only if we find no procedural errors. *See United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). A sentence within a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019).

2

That presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted).

We conclude that Oliver's sentence was procedurally reasonable, as the record demonstrates that the district court appropriately considered the sentencing factors and the brief arguments presented by defense counsel and adequately explained its reasons for imposing the chosen sentence. Specifically, the court noted its hope that the chosen sentence would "be a deterrent" and questioned Oliver about the kinds of vocational programs he wanted to participate in while incarcerated. However, the court found other factors such as Oliver's personal characteristics and history more significant and focused on these factors during its sentencing explanation. Finding no procedural error, we turn to the substantive reasonableness of Oliver's sentence and further conclude that Oliver has failed to rebut the presumption that his within-Guidelines sentence is reasonable. *See id.* We therefore conclude that Oliver's sentence is both procedurally and substantively reasonable.

Oliver also contends that the district court erred by not providing an adequate explanation for the condition of supervised release requiring him not to associate with known felons. To preserve a challenge to proposed conditions of supervised release, objections "must be made with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir. 2022) (internal quotation marks omitted), *petition for cert. filed*, No. 22-1055 (U.S. May 1, 2023). Because Oliver did not object to the supervised release conditions,

3

our review is for plain error. *Id.* at 612; *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). "To establish plain error, [Oliver] must show that an error occurred, that it was plain, and that it affected his substantial rights." *McMiller*, 954 F.3d at 674. Oliver also must show that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

The district court must explain any special condition of supervision. *United States v. Arbaugh*, 951 F.3d 167, 178 (4th Cir. 2020). Although the court "need not robotically tick through an explanation for each supervised release condition," it "must offer enough of an explanation to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority." *United States v. Sueiro*, 59 F.4th 132, 143 (4th Cir. 2023) (cleaned up). The reasons for some special conditions of supervision may be "so self-evident and unassailable" that a particularized explanation may be unnecessary. *Id*. (internal quotation marks omitted).

Accordingly, a district court must specifically explain the reasons for imposing a discretionary condition of supervised release unless (1) the reasons are "self-evident," (2) the defendant raised no nonfrivolous objections to the condition, and (3) the court provided an adequate explanation for the sentence as a whole. *United States v. Boyd*, 5 F.4th 550, 559 (4th Cir. 2021) (internal quotation marks omitted); *see United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015) ("A court's sentencing rationale[] . . . can support both imprisonment and supervised release."). "[W]e have never required that a district court conduct two § 3553(a) analyses, one related to the term of

4

imprisonment and a second related to the term of supervised release." *Id.* (quoting *United States v. Clark*, 726 F.3d 496, 501 (3d Cir. 2013)).

In announcing Oliver's sentence, the district court provided a thorough explanation of the sentence as a whole, focusing particularly on Oliver's extensive criminal history and personal characteristics. In view of the nature of the crime and Oliver's history of recidivism, we conclude that the district court's reasons for imposing the challenged supervised release condition are self-evident. Accordingly, we discern no plain error, *see Boyd*, 5 F.4th at 559; *McMiller*, 954 F.3d at 674, and we affirm this condition of supervised release.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*