**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4467**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

SCOTT A. CASCONE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Margaret B. Seymour, Senior District Judge.  (2:18-cr-00693-MBS-1)

_____

Submitted:  October 19, 2023                    Decided:  October 23, 2023

_____

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Dean H. Secor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott A. Cascone pleaded guilty, pursuant to a written plea agreement, to production of child pornography, in violation of 18 U.S.C. § 2251(a), (e).  The district court sentenced Cascone to 300 months' imprisonment, followed by a lifetime term of supervised release. On appeal, Cascone argues one of the discretionary conditions of his supervised release is substantively unreasonable.  We affirm.

Generally, "[w]e review special conditions of supervision for abuse of discretion, recognizing that district courts have broad latitude in this space."  *United States v. Castellano*, 60 F.4th 217, 224 (4th Cir. 2023) (internal quotation marks omitted).  But because Cascone did not object to the challenged condition before the district court, our review is for plain error.  *See United States v. McMiller*, 954 F.3d 670, 674 (4th Cir. 2020). Thus, Cascone "must show that an error occurred, that it was plain, and that it affected his substantial rights."  *Id.*  If he makes such a showing, "we will exercise our discretion to correct the error only if it seriously affects the fairness, integrity[,] or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

A district court "may impose any . . . condition it considers to be appropriate, as long as that condition is reasonably related to statutory factors referred to in [18 U.S.C.] § 3583(d)(1)."  *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003) (internal quotation marks omitted).  Those factors include "the nature and circumstances of the offenses, the history and characteristics of the defendant, and the statutory goals of deterrence, protection of the public, and rehabilitation."  *United States v. Ellis*, 984 F.3d 1092, 1098 (4th Cir. 2021).  However, "[s]pecial conditions of supervision may restrict

2

only as much of a person's liberty as reasonably necessary to further the purposes of sentencing." *United States v. Cohen*, 63 F.4th 250, 256 (4th Cir. 2023), *petition for cert. filed*, No. 22-7818 (U.S. June 20, 2023). Although the district court is required "to provide an individualized explanation for [a] condition's broad sweep," *Castellano*, 60 F.4th at 225 (cleaned up), "[t]he amount of explanation required will vary with the nature of the condition imposed and the circumstances of each case," *United States v. Van Donk*, 961 F.3d 314, 322 (4th Cir. 2020) (internal quotation marks omitted).

Here the district court imposed a condition of supervised release prohibiting Cascone from possessing, accessing, subscribing to, or viewing "any videos, magazines, literature, photographs, images, drawings, video games, or Internet websites depicting child pornography or containing minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)" or possessing "any materials depicting and/or describing 'child pornography' and/or 'simulated child pornography' as defined in 18 U.S.C. § 2256." The district court stated this condition was justified by the need to protect the public in light of Cascone's offense conduct, which involved enticing a 14-year-old child to produce photographs depicting herself engaged in sexual activity; to deter Cascone from "potential future crimes of a similar nature"; and to promote rehabilitation. In explaining the sentence, the district court also emphasized that Cascone had been convicted in state court of a prior production of child pornography offense and that, at the time of his arrest on the instant offense, he was in possession of "[c]opious amounts of child pornography." On these facts, we conclude the district court did not plainly err by imposing the challenged condition. *See United States v. Sueiro*, 59 F.4th 132, 144 (4th Cir. 2023) (holding district

3

court did not abuse its discretion in imposing special condition that bore "a direct relationship to [defendant's] crimes of conviction"); *United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015) ("A court's sentencing rationale . . . can support both imprisonment and supervised release.").

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*