**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-4073

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW JASON HUTTON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:20-cr-00115-DCC-1)

_____

Submitted:  December 7, 2022                                Decided:  July 12, 2023

_____

Before NIEMEYER and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Derek J. Enderlin, ROSS & ENDERLIN, PA, Greenville, South Carolina, for Appellant.  M. Rhett DeHart, Acting United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Jason Hutton appeals his Guidelines range sentence of 200 months in prison and lifetime supervised release for using a minor to produce child pornography in violation of 18 U.S.C. § 2251(a).  In the district court, Hutton argued for a mandatory minimum prison sentence of 180 months, and he objected to two special conditions of supervision.  In arguing for a mandatory minimum prison term, he suggested that lifetime supervision was appropriate and did not argue for a shorter term.  On appeal, he challenges his lifetime supervised release term, four special conditions, including three that he did not challenge in the district court and one that he did, and his prison sentence.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51).  If we find no significant procedural error, we then consider the substantive reasonableness of the sentence imposed.  *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020).

"This standard applies when considering a defendant's term of imprisonment, his term of supervised release, and any condition of that release."  *Id*.  We presume that a

2

sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022). A defendant can only rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212-13 (internal quotation marks omitted). "But a court need not 'address every argument a defendant makes,' focusing instead on the whole of defendant's argument." *United States v. Hardin*, 998 F.3d 582, 592 (4th Cir. 2021). Moreover, "where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *Id*. (internal quotation marks omitted). To be procedurally adequate, we must "find sufficient explanation to allow this Court to conduct meaningful appellate review." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019).

"District courts have 'broad latitude' to impose discretionary conditions of supervised release." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021). "Under 18 U.S.C. § 3583(d), a court may only impose conditions that (1) are 'reasonably related' to the goals of deterrence, public protection, and rehabilitation; (2) affect 'no greater

3

deprivation of liberty than is reasonably necessary' to achieve those goals; and (3) are 'consistent with any pertinent policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3583(d)). "[A]s with other parts of a sentence, the district court must adequately explain any special conditions of supervised release." *Arbaugh*, 951 F.3d at 178. "Unless a district court explains why particular special conditions are being imposed, 'we have no basis for determining whether they are reasonably related to [the § 3583(d)] factors.'" *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020).

However, "in some cases 'the reason for [a post-release condition is] so self-evident and unassailable' that no remand is required." *United States v. Arce*, 49 F.4th 382, 397 (4th Cir. 2022) (quoting *McMiller*, 954 F.3d at 677). Moreover, "if the reasons for a given condition are 'self-evident,' and a defendant fails to raise nonfrivolous objections, a 'sentence-as-a-whole' explanation can suffice." *Boyd*, 5 F.4th at 559 (quoting *McMiller*, 954 F.3d at 677).

In the district court, Hutton argued for a mandatory minimum prison sentence of 180 months, at the bottom of his Guidelines range; and he objected to special conditions 3 and 8. In arguing for the minimum prison sentence, he suggested the court could impose a lifetime supervised release term to ensure the safety of the community, monitor his readjustment to society, and make sure he is complying with the rules of supervised release. In response to his objections, the district court modified special conditions 3 and 8. On appeal, Hutton contends the court failed to adequately explain its decision to impose a lifetime supervised release term; and he challenges special conditions 1, 2, 7, and 8. He also contends that his within-Guidelines range prison sentence is unreasonable.

4

Because Hutton did not argue for a shorter supervised release term or object to special conditions 1, 2, and 7 in the district court, we review his challenges to the court's explanation for its supervised release term and to special conditions 1, 2, and 7 for plain error. *See United States v. Elbaz*, 52 F.4th 593, 611-13 (4th Cir. 2022); *McMiller*, 954 F.3d at 675; *United States v. Lynn*, 592 F.3d 572, 576-80 (4th Cir. 2010). To establish plain error, Hutton must show that an error occurred, that it was plain, and that it affected his substantial rights. *See McMiller*, 954 F.3d at 674. Even if he does so, we will exercise our discretion to correct the error only if it "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id*. After reviewing Hutton's arguments, and in light of our recent decision in *United States v. Cohen*, 63 F.4th 250, 256-57 (4th Cir. 2023), we conclude that there is plain error in clause one of special condition 7 affecting Hutton's substantial rights, but we conclude that Hutton fails to show any other plain error.

The district court explained that it imposed lifetime supervised release because of the nature and circumstances of the offense and Hutton's characteristics as set out in the presentence report. In explaining its sentence-as-a-whole, the court also found his offense and characteristics involved manipulation and deception, rendering others unable to protect the victim; if he had not been arrested in this case, he would have continued his criminal conduct; and there was a significant need to deter him and protect others from his future conduct. Given that a lifetime supervised release term is recommended for sex offenses, *see* USSG § 5D1.2, and Hutton did not argue for a shorter supervised release term, we conclude that he has not shown any plain error affecting his substantial rights.

5

We further conclude that he fails to show the district court plainly erred in imposing special conditions 1 and 2. Hutton first contends that the court failed to explain why it imposed these special conditions, which limit his unapproved contact with minors. We disagree. When it imposed the conditions, it explained they were imposed to protect the public due to the nature and circumstances of the offense. Moreover, since the reasons for the conditions were self-evident, and he did not object in the district court, we conclude the court's explanation for its sentence-as-a-whole was sufficient to explain the conditions.

As for Hutton's other challenges to special conditions 1 and 2, we find no plain error by the district court. We have determined that "conditions implementing a prohibition on unapproved contact with minors are reasonable to protect the public"; and we have rejected arguments that they were overly broad and impermissibly vague. *Arce*, 49 F.4th at 397; *United States v. Hamilton*, 986 F.3d 413, 423 (4th Cir. 2021). Although there must be "a reasonably direct relationship between [a] defendant's conduct relevant to the offense of conviction and the occupation being restricted," restrictions on "jobs that involve regular or private contact with minors, or to occupations that would provide [a defendant] ready opportunity to ply his proclivities for child sexual abuse" are reasonable. *Hamilton*, 986 F.3d at 420 (internal quotation marks omitted); *Arce*, 49 F.4th at 397.

As for special condition 7, Hutton contends that the district court's explanation was inadequate; and the condition is vague, overbroad, and unsupported by a nexus between pornography and his crime or treatment. With one exception based on our recent decision in *Cohen*, we conclude that Hutton fails to show any plain error by the district court.

6

"Restrictions on otherwise legal pornography are permissible under § 3583(d) where the district court adequately explains why they are appropriate, and the record supports such a finding." *United States v. Van Donk*, 961 F.3d 314, 322 (4th Cir. 2020). "For example, other circuits have upheld bans on adult pornography where a treatment provider testified that sexually stimulating images could cause the defendant to revert to accessing child pornography, where the defendant had often videotaped his sexual assaults, leading the district court to find a connection between pornography and his criminal behavior, and where a probation officer believed that such a ban was needed to address the defendant's deviant sexual behavior triggered by his alcohol abuse." *Id*. at 322-23 (citations omitted). "In contrast, appellate courts have struck down such conditions when they were unaccompanied by individualized explanations for their broad sweep." *Id*. at 323; *United States v. Ellis*, 984 F.3d 1092, 1099-1100 (4th Cir. 2021) (finding pornography restriction "inadequately supported and explained").

Here, Hutton created nude videos and pictures of his 14-year-old stepdaughter; and he sent those pictures to others using the internet, in exchange for more child pornography. He admitted that the pictures and videos were for sexual purposes. He also disclosed that he and his wife were involved in swinging; he found the people that he traded pictures with in chat rooms geared toward daughters and swinging; he used testosterone to enhance his sexual performance; and he suggested that his testosterone treatment may have been responsible for his offense of using his stepdaughter to create child pornography.

The probation officer recommended a special condition prohibiting Hutton not only from possessing materials depicting or describing child pornography, as defined in 18

7

U.S.C. § 2256, but also possessing or accessing materials or web sites depicting children or adults in the nude and/or engaged in sexual activity; and it further prohibited him from patronizing businesses or places whose primary purpose is to provide sexually-oriented material or entertainment. Hutton did not object to the recommended condition.

When imposing the condition, the district court not only explained that it imposed the special conditions to protect the public due to the nature and circumstances of the offense, but it also explained why it restricted adult pornography. Specifically, the court explained: "With respect to the prohibition on adult pornography, I find that that is reasonably related to your conduct in this case, because you have disclosed that this testosterone treatment and certain activities that you and your wife were engaging in may have played a role in your desire or decision to engage in this conduct, and so I do find that it is related." (J.A. 103). The court also explained that although a convenience store may have inappropriate magazines, the prohibition on entry into businesses only applies to those places whose primary purpose is to provide sexually oriented material or entertainment; and if he has a question about a particular place, he should ask his probation officer.

We conclude that the district court adequately explained why a restriction on adult pornography was appropriate in Hutton's case and that the record supports the finding. As for his overbreadth and vagueness challenges to special condition 7, we conclude that the first clause is plainly overbroad in light of our recent decision in *Cohen*, 63 F.4th at 256-57. We further conclude that the error affected Hutton's substantial rights, and we should exercise our discretion to correct the error. As we did in *Cohen*, we therefore vacate the first clause of the special condition and remand for entry of a modified judgment striking

8

that clause.* But, we find no plain error in the remaining parts of the condition. *See Cohen*, 63 F.4th at 257 (rejecting the appellant's overbreadth and vagueness challenges to other clauses); *Van Donk*, 961 F.3d at 323-26 (condition forbidding defendant from viewing materials that gave him an erection was not impermissibly vague); *Hamilton*, 986 F.3d at 423-24 (movement restriction was not impermissibly vague or overbroad).

Hutton next challenges special condition 8, which prohibits possession of a personal device linked to the internet unless approved by the probation officer, which approval shall not be unreasonably withheld. The condition does not apply to devices maintained at his workplace, school, or library. Moreover, the condition is accompanied by other conditions regarding the monitoring of approved devices; and as explained by the district court at sentencing, it is clear from the conditions that special condition 8 is not an outright internet ban but a process to apply the monitoring conditions for personal devices, to which Hutton did not object. In the district court, Hutton objected that the condition was overbroad, and it gave the probation officer unguided discretion. The court overruled the objection based on *Hamilton*, but it added language providing that such approval shall not be unreasonably withheld to address Hutton's concerns about the probation officer's discretion; and it explained that the intent of the condition was not to prohibit him from using the internet but to prohibit him from obtaining any such device without prior notification to his probation officer.

---

* The first clause begins with the second word in special condition 7, i.e., "must," and ends with the phrase "engaged in sexual activity[], and." *Cohen*, 63 F.4th at 256.

9

On appeal, Hutton repeats his arguments that the condition is overbroad and gives the probation officer unlimited discretion. Since he asserted these arguments in the district court, we review them for abuse of discretion. *See Boyd*, 5 F.4th at 556-57. We conclude that Hutton's arguments are without merit. *See Hamilton*, 986 F.3d at 420-23. Here, there was not only internet criminality, but there was also contact with a minor victim when Hutton took nude videos and pictures of his 14-year-old stepdaughter in her family's bathroom and placed her pictures on the internet. Moreover, in light of the court's modification to the condition and explanation of its intent, we conclude there are sufficient parameters on the probation officer's discretion in this case. *See id.* at 420.

Hutton also conclusorily contends this condition is impermissibly vague because it "will most likely include a host of every-day items we take for granted." (Appellant's Br. at 22). Even assuming that his objection in the district court made his vagueness argument obvious and he thus preserved the argument, *see Boyd*, 5 F.4th at 556-57, we conclude he fails to show the condition does not give him "fair notice of the conduct that it punishes or is so standardless that it invites arbitrary enforcement," *see Van Donk*, 961 F.3d at 323-24 (internal quotation marks omitted). We therefore find this argument without merit.

Finally, Hutton contends his prison sentence is procedurally unreasonable, because the district court failed to adequately address his arguments for a lower sentence; and his sentence is substantively unreasonable, because it is greater than necessary to accomplish the goals of sentencing under § 3553(a). We have reviewed the record and Hutton's appeal arguments, and we conclude that his Guidelines range prison sentence is procedurally and substantively reasonable. The district court conducted an individualized assessment of the

facts and arguments presented at sentencing, considered the § 3553(a) factors and applied them to Hutton's case, and considered his nonfrivolous arguments for a lower sentence; and the court's explanation was sufficient for our meaningful review. We further conclude that Hutton fails to rebut the presumption that his sentence is substantively reasonable.

Accordingly, we vacate the first clause of special condition 7 and remand for entry of a modified judgment striking that clause, but we affirm the district court's judgment in all other respects and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*