**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4617**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PERCY PARKER, a/k/a Percy Powell,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:19-cr-00185-D-1)

_____

Submitted:  June 22, 2023                                    Decided:  August 1, 2023

_____

Before NIEMEYER, KING, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Marshall H. Ellis, HORNTHAL, RILEY, ELLIS & MALAND, LLP, Elizabeth City, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Percy Parker pled guilty to distribution of a quantity of controlled substances, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Parker to 151 months' imprisonment. On appeal, Parker contends that the district court erred in sentencing him as a career offender, that his sentence is unreasonable in light of the small quantity of drugs involved in his offense of conviction, and that the court erred by failing to explain two special conditions of supervised release. Finding no error, we affirm.

As part of its investigation of complaints about open air drug transactions in Wilmington, North Carolina, the Wilmington Police Department utilized a confidential informant to purchase drugs in that area. On September 17, 2019, the confidential informant approached Parker and requested his assistance in obtaining drugs. Parker agreed to help the informant and accompanied the informant to one location where Parker purchased .32 grams of cocaine base and then sold it to the informant and then to a second location where Parker purchased .3 grams of heroin that he then sold to the confidential informant.

The probation officer determined that, based on the quantity of controlled substances, Parker's base offense level was 12. But, because Parker had two prior convictions for controlled substance offenses—a 2010 conviction for possession with intent to manufacture, sell, or deliver a controlled substance and a 2014 conviction for possession with intent to manufacture, sell, or deliver heroin—the probation officer determined that Parker was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2018). The career offender enhancement increased Parker's adjusted offense

level from 12 to 32.  After the three-level reduction for acceptance of responsibility, Parker's advisory Guidelines range rose from 24 to 30 months without the career offender designation, to 151 to 188 months with the enhancement.

Parker contends that his 2014 heroin conviction was part of the same course of conduct as his current offense and therefore should have been considered "relevant conduct" under USSG § 1B1.3, rather than as part of his criminal history.  He argues that USSG § 1B1.3, application note 5(C), which provides that "offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction," conflicts with the text of USSG § 1B1.3(a)(2) and, therefore, that the district court erred by applying the commentary.  Accordingly, he maintains that his prior conviction cannot be counted as a predicate offense under the career offender Guideline.  We have recently rejected this very argument.  *See United States v. Moses*, 23 F.4th 347, 357-58 (4th Cir. 2022) (holding that USSG § 1B1.3, "Application Note 5(C) authoritatively excludes from relevant conduct the [prior] conviction for which [defendant] had been sentenced prior to the acts and omissions constituting his offenses of conviction here"), *cert. denied*, 143 S. Ct. 640 (2023).

Parker also asserts that the district court erred by denying his motion for a downward variance, contending that his 151-month sentence is substantively unreasonable given that his offense conduct involved approximately one-half of a gram of a controlled substance. He contends that application of the career offender Guideline to increase his Guidelines range from 24- to 30-months to 151- to 188-months for an offense involving such a small

3

quantity of controlled substances fails to comply with the Sentencing Guidelines' intent to retain "a strong connection between the sentence imposed and the offender's real conduct." *See United States v. Booker*, 543 U.S. 220, 246 (2005).

When considering a challenge to the reasonableness of a sentence imposed by the district court, "we consider both substantive reasonableness, considering the totality of the circumstances, and procedural reasonableness, ensuring that the district court committed no significant procedural error, such as miscalculating the sentencing guidelines, failing to consider the [18 U.S.C.] § 3553(a) criminal and personal history factors, or selecting a sentence based on erroneous facts." *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (internal quotation marks and alteration omitted). We review for procedural errors first and consider the substantive reasonableness of the sentence only if we find no procedural errors. *See United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017).

"If the sentence 'is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). A sentence within the properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019) (citation omitted). That presumption "can only be rebutted by showing that the sentence

4

is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted).

As outlined above, the district court did not err in calculating Parker's advisory Sentencing Guidelines range of 151 to 188 months. The district court rejected Parker's request for a variance and imposed a sentence at the bottom of the advisory Guidelines range. Explaining the basis for this sentence, the court specifically acknowledged that Parker's offense conduct involved a small quantity of controlled substances. And the court stated that, but for Parker's "serious criminal history, including a whole history of assaultive conduct, [it would] be more inclined to [vary downward]." However, reviewing the "totality of the circumstances," *Provance*, 944 F.3d at 218, the court also noted Parker's extensive criminal history, which included six assault charges and a number of controlled substance offenses. The court also opined that Parker's recidivism "needs to be punished and it needs to be deterred." The court concluded that a sentence of 151 months was sufficient to incapacitate Parker, "to deter others, to promote respect for the law and provide just punishment in light of the serious nature of the conduct." In sum, the district court acknowledged that Parker's offense involved "a small amount of drugs" but determined that his serious criminal history and "quick nature of the recidivism . . . notwithstanding efforts at intervention" warranted a within-Guidelines sentence.

We conclude that the district court appropriately considered the sentencing factors and the arguments presented by counsel and did not abuse its discretion by imposing a within-Guidelines sentence. Further, we conclude that Parker has failed to rebut the

presumption that the within-Guidelines sentence is reasonable. *See Gutierrez*, 963 F.3d at 344. According, we affirm the 151-month sentence.

Lastly, Parker contends that the district court erred by not providing an adequate explanation for the special conditions of supervised release requiring him to consent to warrantless searches and to "support any children" he has. To preserve a challenge to proposed conditions of supervised release, objections "must be made with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir. 2022) (internal quotation marks omitted), *petition for cert. filed*, No. 22-1055 (U.S. May 1, 2023). We conclude that Parker's request for a downward variance from the advisory Guidelines range was not specific enough to preserve a challenge to the proposed special conditions of supervised release. Accordingly, our review is for plain error. *Id.* at 612; *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). "To establish plain error, [Parker] must show that an error occurred, that it was plain, and that it affected his substantial rights." *McMiller*, 954 F.3d at 674. Parker must also show that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

The district court must explain any special condition of supervision. *United States v. Arbaugh*, 951 F.3d 167, 178 (4th Cir. 2020). Although the court "need not robotically tick through an explanation for each supervised release condition," it "must offer enough of an explanation to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority." *United States v. Suiero*, 59 F.4th 132, 143 (4th Cir. 2023) (cleaned up). The reasons for some

6

special conditions of supervision may be "so self-evident and unassailable" that a particularized explanation may be unnecessary. *Id.* Accordingly, a district court must specifically explain the reasons for imposing a discretionary condition of supervised release unless (1) the reasons are "self-evident," (2) the defendant raised no nonfrivolous objections to the condition, and (3) the court provided an adequate explanation for the sentence as a whole. *United States v. Boyd*, 5 F.4th 550, 559 (4th Cir. 2021) (internal quotation marks omitted).

In denying Parker's request for a downward variance, the district court provided a thorough explanation of the sentence as a whole. Specifically, the court discussed Parker's extensive criminal history and the "quick nature of [his] recidivism." In view of the nature of the crime and Parker's history of unsuccessful compliance with terms of supervision, we conclude that the district court's reasons for imposing the warrantless search condition are self-evident. Accordingly, we find no plain error, *see Boyd*, 5 F.4th at 559; *McMiller*, 954 F.3d at 674, and we affirm the warrantless search condition of supervision.

Turning to Parker's challenge to the special condition of supervised release requiring him to support his children, he contends that this condition infringes on his rights as the father of his children and that the district court failed to explain the reasons for this condition. "If the defendant has one or more dependents," the Sentencing Guidelines recommend a special condition of supervised release "specifying that the defendant shall support his or her dependents." USSG § 5D1.3(d)(1)(A), p.s. We conclude that the district court's reasons for requiring Parker to support his children are "self-evident" and thus do

7

not require a particularized explanation. *See Boyd*, 5 F.4th at 559. We therefore affirm this condition of supervised release.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*