**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4496

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORDAN AVERELL BOONE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00152-FL-1)

Submitted:  September 14, 2023                    Decided:  November 6, 2023

Before DIAZ, Chief Judge, HEYTENS, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina; Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Averell Boone pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count 1), possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (count 2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 3). The district court calculated Boone's imprisonment range under the U.S. Sentencing Guidelines Manual (2018) for counts 1 and 2 at 46 to 57 months and imprisonment term on count 3 at a consecutive term of 60 months. The court sentenced Boone to concurrent 46-month prison terms on counts 1 and 2 and a consecutive prison term of 60 months on count 3, for a total prison term of 106 months. The court also sentenced Boone to three concurrent three-year terms of supervised release, terms falling within the Sentencing Guidelines' advisory supervision ranges for Boone's counts of conviction.

Boone's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there were no meritorious grounds for appeal. Boone was notified of his right to file a pro se supplemental brief, but he did not file one. After reviewing the record pursuant to *Anders*, we ordered supplemental briefing on the following issues: whether, in light of *United States v. Campbell*, 22 F.4th 438, 440-41, 449 (4th Cir. 2022) (holding defendant's conviction under West Virginia drug distribution statute criminalizing attempt offenses swept more broadly than Guidelines' definition of "controlled substance offense"), the district court plainly erred in determining that Boone had a qualifying prior conviction for a controlled substance offense for purposes of

2

applying the enhanced offense level under USSG § 2K2.1(a)(3); whether the district court's pronouncement of supervised release conditions complied with *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (holding district court must announce all discretionary conditions of supervised release at sentencing hearing); and whether the district court plainly erred by failing to adequately explain its reasons for imposing a discretionary condition of supervised release requiring that Boone participate in addiction treatment (the addiction condition[1]).

In his supplemental brief, Boone argues that: in light of *Campbell*, the district court plainly erred in applying an enhanced base offense level of 22 under USSG § 2K2.1(a)(3) because his North Carolina state conviction for selling marijuana is not categorically a controlled substance offense under the Guidelines[2]; reversible error under *Rogers* is present because the district court did not announce at the sentencing hearing two discretionary conditions of supervised release prohibiting him from incurring new credit charges or opening lines of credit without probation office approval and requiring him to provide the probation office with access to any requested financial information (the financial conditions) included in the written judgment; the district court imposed a procedurally

---

[1] The addiction condition reads in full: "The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility."

[2] Under USSG § 2K2.1(a)(3), a base offense level of 22 applies if, among other conditions, the defendant committed any part of his instant offense subsequent to sustaining a felony conviction for a "controlled substance offense."

unreasonable sentence when it committed plain error by failing to explain its reasons for imposing the financial conditions, the addiction condition, and a discretionary supervision condition requiring that he consent to warrantless searches of his person, premises, and vehicle by the probation officer or another law enforcement officer at the probation officer's request (the warrantless search condition); and the financial and addiction conditions are plainly substantively unreasonable because they do not satisfy the requirements of 18 U.S.C. § 3583(d).[3]

The Government maintains that:  Boone's prior conviction for selling marijuana in violation of N.C. Gen. Stat. § 90-95(a)(1) is a controlled substance offense under the Guidelines, and *Campbell* does not require Boone's interpretation; no plain error under *Rogers* is present; and Boone fails to demonstrate plain error as to the financial, addiction, and warrantless search conditions.  After supplemental briefing concluded, this court held in *United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023), that N.C. Gen. Stat. § 90-95(a)(1), is "a categorical match" with the Guidelines' definition of a controlled substance offense.  Upon our review, we affirm the judgment in part, vacate the addiction condition as procedurally unreasonable, and remand that portion of Boone's sentence back to the district court.

We generally review a criminal sentence "for reasonableness under a deferential abuse-of-discretion standard." *United States v. Fowler*, 58 F.4th 142, 150 (4th Cir. 2023)

---

[3] Although Boone's argument exceeds the scope of the supplemental briefing order, the Government does not object to Boone's additional briefing.

(internal quotation marks omitted). "Reasonableness review has procedural and substantive components." *Id.* (internal quotation marks omitted). "Procedural reasonableness requires us to ensure that the district court committed no significant procedural error," *id.* (internal quotation marks omitted), which includes improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the selected sentence, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted).

"If the sentence is procedurally sound, we then consider its substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 510 (4th Cir. 2021) (internal quotation marks omitted). "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gillespie*, 27 F.4th 934, 944-45 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 164 (2022). "And any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *Id.* at 945. A defendant can rebut this presumption only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

5

Although we ordinarily consider de novo whether a defendant's prior conviction is a controlled substance offense under the Guidelines, we consider Boone's challenge to the district court's application of USSG § 2K2.1(a)(3) for plain error because he did not preserve it in the district court. *See Miller*, 75 F.4th at 228-29. "To show that the district court plainly erred, [Boone] must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (cleaned up). An error qualifies as plain "when it is clear or, equivalently, obvious under current law." *United States v. Hope*, 28 F.4th 487, 507 (4th Cir. 2022) (cleaned up). Demonstrating that a sentencing error affected his substantial rights requires Boone to "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Combs*, 36 F.4th at 507 (internal quotation marks omitted). Even if these three factors are satisfied, we will "exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 505 (cleaned up).

The district court applied an enhanced base offense level of 22 under USSG § 2K2.1(a)(3) after determining that Boone's North Carolina state conviction for selling marijuana—for which he was sentenced to 8 to 19 months' imprisonment—was a controlled substance offense under the Guidelines. A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b); *see id.* § 2K2.1

6

cmt. n.1 ("'Controlled substance offense' has the meaning given that term in § 4B1.2(b)."). It is unlawful under N.C. Gen. Stat. § 90-95(a)(1) to "manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." Boone's prior conviction for selling marijuana in violation of this statute "is a categorical match" with the Guidelines' definition in USSG § 4B1.2(b) of a controlled substance offense. *Miller*, 75 F.4th at 230-31; *see Campbell*, 22 F.4th at 441 ("To determine whether a conviction under an asserted predicate offense statute . . . constitutes a controlled substance offense as defined by the Sentencing Guidelines, we employ the categorical approach." (internal quotation marks omitted)). Consequently, we conclude that the district court did not plainly err in determining that Boone's prior state conviction was a controlled substance offense warranting a base offense level of 22 under USSG § 2K2.1(a)(3).

Next, in *Rogers*, this court held a district court must announce all discretionary conditions of supervised release at the sentencing hearing. *Rogers*, 961 F.3d at 296. A district court may satisfy this obligation through incorporation of a court-wide standing order listing conditions of supervised release. *Id.* at 299. Boone contends that *Rogers* error is present because the district court's oral pronouncements at the sentencing hearing were insufficient to incorporate the financial conditions present in the district court's standing order. Because Boone did not raise this claim below, we review it only for plain error. *United States v. Elbaz*, 52 F.4th 593, 611-12 (4th Cir. 2022), *petition for cert. filed*, No. 22-1055 (U.S. May 1, 2023). Although he bears the burden to establish the elements of plain error, Boone, we conclude, does not demonstrate either error qualifying as clear or obvious in the district court's pronouncements, *see Hope*, 28 F.4th at 507, or that any error

7

affected his substantial rights, *see Combs*, 36 F.4th at 507. We thus find no plain error warranting correction under *Rogers*.

Turning to Boone's challenges to the discretionary conditions of supervised release, we review them for plain error as well because Boone did not challenge the conditions before the district court. *See Elbaz*, 52 F.4th at 613. We discern no plain procedural error in the financial and warrantless search conditions or plain substantive error in the financial conditions. To the extent that the district court did not directly explain why it imposed these conditions, the court's reasoning for doing so is self-evident, Boone did not object to the conditions, and the district court provided a sufficient explanation for the sentence as a whole. *See United States v. Boyd*, 5 F.4th 550, 559 (4th Cir. 2021). The financial conditions also are consistent with the requirements of 18 U.S.C. § 3583(d). *See United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016).

That leaves the addiction condition. We conclude that the record lacks self-evident support for this condition and that the district court procedurally erred by failing to provide a basis for requiring Boone's participation in addiction treatment as a condition of supervised release. *See Lewis*, 958 F.3d at 244. The record contains no information regarding Boone's alcohol use or dependency. Boone's counsel represented at sentencing that Boone was not addicted to any controlled substances, and counsel for the Government did not suggest otherwise. The presentence report (PSR) the district court adopted reports that, prior to sentencing, Boone received a substance abuse assessment while on state probation but that no treatment was recommended. The PSR also reports that Boone had used marijuana occasionally in the past but that his last use occurred a "long time" before

sentencing and that he was not addicted to the drug. In explaining its sentence, the district court did not rely on this information about Boone's substance use or address whether he was or had been addicted to any drugs or dependent on alcohol. "On this record, we cannot discern the court's sentencing rationale in imposing this condition." *Id.* In imposing the addiction condition without an adequate explanation, the district court committed a plain error that affected Boone's substantial rights. *See United States v. McMiller*, 954 F.3d 670, 676-77 (4th Cir. 2020). And "because an adequate explanation is also necessary to promote the perception of fair sentencing," the absence of such an explanation "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 677 (cleaned up). Because Boone has met his burden under plain error review, we vacate the addiction condition "as procedurally unreasonable and remand to the district court for further explanation." *Id.*[4] We affirm the remainder of Boone's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment in part, vacate the addiction condition as procedurally unreasonable, and remand to the district court for resentencing as to that condition. This court requires that counsel inform Boone, in writing, of the right to petition the Supreme Court of the United States for further review. If Boone requests that a petition be filed, but counsel believes that such

---

[4] Because we conclude that the imposition of the addiction condition was procedurally unreasonable, we do not address whether it is substantively reasonable. *See McMiller*, 954 F.3d at 677 n.6.

9

a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boone.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*