**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4159**

───────────

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

KEVLIN JERROD JACKSON, a/k/a Kevlin Jackson,

Defendant – Appellant.

───────────

Appeal from the United States District Court for the Southern District of Virginia, at Huntington. Robert C. Chambers, District Judge. (3:21−cr−00091−1)

───────────

Argued: October 26, 2023                    Decided: March 18, 2024

───────────

Before DIAZ, Chief Judge, and WILKINSON and HEYTENS, Circuit Judges.

───────────

Vacated and remanded by unpublished opinion. Chief Judge Diaz wrote the opinion, in which Judge Wilkinson and Judge Heytens joined.

───────────

**ARGUED:** Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Joseph Franklin Adams, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee. **ON BRIEF:** Wesley P. Page, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. William S. Thompson, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

USCA4 Appeal: 22-4159    Doc: 35    Filed: 03/18/2024    Pg: 2 of 9

DIAZ, Chief Judge:

Kevlin Jerrod Jackson pleaded guilty to being a felon in possession of firearms. He challenges a special condition of his supervised release that permits warrantless searches of his property, person, and papers. Because we conclude that the district court's imposition of this condition was procedurally unreasonable, we vacate the search condition and remand for resentencing.

I.

In November 2020, law enforcement received information that Jackson was distributing drugs. After witnessing him engage in an apparent drug transaction six months later, officers executed a search warrant at Jackson's apartment. They seized two firearms and about sixty grams of cocaine.

Pursuant to a plea agreement, Jackson pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The presentence report (the "PSR"), completed by Jackson's probation officer, calculated Jackson's guideline range as 37 to 46 months' imprisonment, followed by 1 to 3 years' supervised release. As relevant here, the PSR recommended the following special condition of supervised release:

> The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office to a search conducted by a United States probation officer when there is reasonable suspicion that the defendant has violated a condition of supervision. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds

3

for revocation of release. The defendant shall inform other occupants that the premises may be subject to searches pursuant to this condition.

J.A. 152.

The PSR justified this recommendation by citing to Jackson's prior felony drug conviction, his history of probation and supervised release violations, and the facts of the underlying offense. It submitted that the condition promoted public safety and deterrence by allowing "effective oversight" and quick intervention if the probation officer suspects that Jackson has violated a condition of supervision. J.A. 152.

Jackson objected to the search condition before sentencing. He argued that the condition (1) wasn't based on his individual characteristics; (2) wasn't required by Congress for felon-in-possession offenses; (3) didn't relate to the purposes of 18 U.S.C. § 3553(a); (4) involved a greater deprivation of liberty than necessary; and (5) conflicted with the Sentencing Commission's policy statements.

The probation officer responded that the search condition was a "Mandatory Condition[] of supervised release as reflected in Administrative Office of the United States Courts Form 245B . . . which this officer does not have the authority to amend." J.A. 159.

Jackson renewed his objections to the search condition at sentencing. He also added that the condition was (1) unnecessary because another standard condition would permit his probation officer to visit unannounced and seize prohibited items in plain view; and (2) overly broad because it doesn't require a nexus between the suspected violation and area to be searched. Finally, he complained that there was no judicial remedy against improper searches since the exclusionary rule doesn't apply in revocation proceedings.

4

In response, the government adopted the PSR's justification. It also argued that the condition wasn't a "blanket search condition" because "[i]t's tied to that reasonable suspicion standard." J.A. 114.

The district court imposed a downward variant sentence of 15 months' imprisonment followed by 3 years' supervised release. It then denied Jackson's objections to the search condition.

The court agreed with the government that the reasonable-suspicion standard sufficiently limited the condition. It also reasoned that if Jackson's probation officer witnessed an apparent drug deal—as law enforcement had before searching Jackson's home—she wouldn't be able "to actually search for anything based upon just the [plain-view] provision." J.A. 114. The court concluded, "I think this . . . will be construed and applied in a way that connects the suspicious circumstances to a particular violation and not just some theoretical all-encompassing violation." J.A. 114–15.

Although the court purported to adopt the PSR and addendum before imposing Jackson's sentence, it didn't address the PSR's original explanation for the condition nor its response to Jackson's written objections.

This appeal followed.

II.

"We review special conditions of supervised release for abuse of discretion, recognizing that district courts have broad latitude in this space." *United States v. Castellano*, 60 F.4th 217, 224 (4th Cir. 2023) (cleaned up). Still, the district court must

5

adequately explain any special condition. *See United States v. Van Donk*, 961 F.3d 314, 322–23 (4th Cir. 2020). And special conditions must comply with the requirements of 18 U.S.C. § 3583(d). *See United States v. Ellis*, 984 F.3d 1092, 1098 (4th Cir. 2021).

Jackson's sole argument on appeal is that the search condition doesn't comport with § 3583(d). But we can't assess the condition's substantive reasonableness because the district court's explanation for imposing it was inadequate.[1] *See United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) ("Unless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the § 3583(d) factors have been met." (citing *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020))).

The district court must provide an "individualized explanation" for why a special condition is appropriate considering the § 3583(d) factors. *Van Donk*, 961 F.3d at 322 (citing *McMiller*, 954 F.3d at 676–77). Under § 3583(d), a special condition must be "(1) reasonably related to the statutory goals of deterrence, protection of the public, and rehabilitation; (2) no greater a deprivation of liberty than is reasonably necessary to achieve those statutory goals; and (3) consistent with any relevant policy statements issued by the Sentencing Commission." *McMiller*, 954 F.3d at 676.

The degree of explanation required "var[ies] with the nature of the condition imposed and the circumstances of each case." *Id.* at 677 (citing *United States v. Blue*, 877

---

[1] We're required to ensure that the district court didn't commit a procedural error—such as failing to adequately explain the special condition—before turning to substantive reasonableness, even when the defendant doesn't make the argument. *United States v. Provance*, 944 F.3d 213, 217–18 (4th Cir. 2019).

F.3d 513, 518 (4th Cir. 2017)).  "But where a defendant makes nonfrivolous objections that cast doubt on compliance with § 3583(d), the district court must address them head-on." *Boyd*, 5 F.4th at 559 (citing *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020)).

The district court didn't address Jackson's nonfrivolous objections.  To take but one example, Jackson argued that the search condition wasn't based on his individual circumstances.  Jackson had a limited, non-violent criminal history, expressed remorse, and took rehabilitative steps before sentencing.  Yet the district court said nothing in response.

Jackson also objected to the breadth of the search condition, which authorizes a search for *any* suspected violation of the conditions of supervision.  One of Jackson's conditions, for example, requires that he "answer truthfully" questions asked by his probation officer.  J.A. 125.  So if his probation officer suspected that Jackson lied to her, that would justify a search of his property, person, and papers—no matter how untethered the search is to the substance of the alleged lie.

To its credit, the district court announced its expectation that the condition would be applied in a way "that connects the suspicious circumstances to a particular violation." J.A. 114–15.  But the condition itself admits of no such limitation.

In contrast, the district court provided a thorough explanation for Jackson's imprisonment sentence.  It carefully discussed the PSR and advisory guidelines, heard the parties' arguments for sentencing, and addressed the § 3553(a) factors.  But this explanation didn't extend to the search condition.

7

In prior cases, we've looked at the structure and content of the district court's sentencing explanation to determine whether it addressed the special conditions. *Compare McMiller*, 954 F.3d at 676 (finding that the sentencing explanation didn't apply to the special conditions when the district court referred only to the imprisonment term when conducting its § 3553(a) analysis and "made no attempt to link its explanation . . . with the term or conditions of supervised release"), *with United States v. Williams*, 5 F.4th 500, 509 (4th Cir. 2021) (finding that the sentencing explanation applied to the special conditions when the district court announced the entire sentence—imprisonment, supervised release, and special conditions—and then conducted its § 3553(a) analysis).

Here, the district court conducted its § 3553(a) analysis and imposed Jackson's prison sentence before addressing the special conditions. Consistent with that approach, the court adopted the PSR and addendum *after* resolving Jackson's factual and guidelines-based objections, but *before* addressing his objections to the conditions of supervision. It's thus unclear whether the district court's adoption of the PSR encompassed the Report's explanation for the search condition.

In any event, the PSR's justification for the condition is itself insufficient. In response to Jackson's initial objections, the PSR stated that the condition was a mandatory condition of release. But the district court couldn't circumvent its duty to impose tailored conditions by relying on a standing order that imposes standard conditions.[2] *See McMiller*,

---

[2] The PSR's response was also factually wrong, as the search condition isn't mandated by Form 245B. See Admin. Off. of the U.S. Cts., AO 254B (2019), https://www.uscourts.gov/sites/default/files/ao245b.pdf [https://perma.cc/8DSV-WSRB].

954 F.3d at 676–77; *see also Boyd*, 5 F.4th at 560 ("[T]he question is whether the specifics of a defendant's case justify a condition's *inclusion*, rather than its exclusion. To that end, a court's wholesale adoption of a menu of standard conditions adds little to the adequacy of its explanation.").

And the district court didn't say whether it agreed with the PSR's original justification for the condition nor explain whether that justification outweighed Jackson's objections. *Cf. United States v. Dacosta*, 781 F. App'x 150, 153–54 (4th Cir. 2019) (per curiam).

In sum, there may be sound reasons for imposing a broad search condition on a defendant in Jackson's circumstances. But "[w]e cannot assume that a sentencing court truly considered the parties' nonfrivolous arguments or the defendant's individual characteristics when the record fails to make it patently obvious." *Provance*, 944 F.3d at 218 (cleaned up). The record fails to do so here.

## III.

Because the district court didn't adequately explain the search condition, we can't assess whether it complies with § 3583(d). We therefore vacate the search condition and remand for resentencing.

*VACATED AND REMANDED*