**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4334**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC WILLIAM CANSLER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:20-cr-00506-LCB-1)

---

Submitted:  July 7, 2025                            Decided:  July 30, 2025

---

Before WYNN, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric William Cansler pled guilty to enticing a minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a), (e). The district court calculated Cansler's advisory prison term under the U.S. Sentencing Guidelines Manual (2021) at 360 months and sentenced Cansler to this term, with 60 months of it running concurrently to his 50-year prison term imposed in Florida state court for sexual battery and child pornography possession convictions and 300 months of it running consecutively to that state sentence. The court also sentenced Cansler to a 25-year term of supervised release and imposed $10,100 in assessments. Cansler's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising as issues for review whether Cansler's 360-month prison term is substantively unreasonable and violative of the Eighth Amendment. Cansler was informed of his right to file a pro se supplemental brief but did not file one.

After conducting review pursuant to *Anders*, this court ordered the filing of supplemental briefs so the parties could address the potentially meritorious issues of whether the district court reversibly erred in imposing $10,000 in assessments under 18 U.S.C. §§ 2259A(a), 3014(a), and whether reversible error is present under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021). In his supplemental brief, Cansler states that he does not claim the district court erred in imposing the $5,000 assessment under 18 U.S.C. § 2259A(a) or that there is reversible error under *Rogers* and *Singletary*. He argues, however, that the district

2

court reversibly erred when it imposed the $5,000 assessment under 18 U.S.C. § 3014(a). The Government filed a supplemental response brief.  We affirm.

Turning to Cansler's 360-month prison term, we review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted).  "First, we determine whether the district court has committed significant procedural error." *United States v. McKinnie*, 21 F.4th 283, 289 (4th Cir. 2021); *see United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019) (noting that we must "review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable," even if parties do not address matter in their briefs). Such error includes improperly calculating the Guidelines range or sentence, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the selected sentence.  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020).

"Second, we consider whether the sentence imposed was substantively reasonable." *McKinnie*, 21 F.4th at 289.  "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted).  "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *Id.* (internal quotation marks omitted).  "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against

3

the § 3553(a) factors." *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024) (internal quotation marks omitted).

After reviewing the record, we conclude that the district court did not reversibly err in calculating Cansler's advisory imprisonment term under the Sentencing Guidelines. The district court also afforded counsel an adequate opportunity to argue for an appropriate sentence and properly afforded Cansler an opportunity to allocute. After considering argument, the advisory Guidelines' sentence, the 18 U.S.C. § 3553(a) factors, and the victim's statement, the district court determined that a 360-month prison term running partially concurrent with and partially consecutive to Cansler's Florida state prison sentence was warranted based on the nature and circumstances of his offense conduct in raping and sexually abusing his daughter and filming himself doing so, his history and characteristics, and the needs for the sentence imposed to reflect the seriousness of his offense, to provide just punishment, and to protect the public, *see* 18 U.S.C. § 3553(a)(1), (2)(A), (C). The district court's explanation, we conclude, was sufficient to support the imposition of this term, and Cansler does not overcome the presumption of substantive reasonableness afforded to it. We thus discern no abuse of discretion in the district court's imposition of the 360-month prison term.

Cansler also raises as an issue whether his prison term violates the Eighth Amendment. Cansler, however, did not raise this issue in his arguments made in the district court, and we therefore review it for plain error. *See United States v. Lawson*, 128 F.4th 243, 254 (4th Cir. 2025). To prevail under this standard, Cansler "must show (1) that the [district] court erred, (2) that the error is clear and obvious, and (3) that the error affected

4

his substantial rights." *Id.* (internal quotation marks omitted). "If he makes those three showings, it is within our discretion to correct the error, and we should exercise this discretion only if the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

Cansler argues that his prison term is disproportionate to his offense and thus violates the Eighth Amendment. "A term-of-years prison sentence such as [Cansler]'s may violate the Eighth Amendment's prohibition on cruel and unusual punishment when it is disproportionate to the crime for which it is imposed." *United States v. Ross*, 72 F.4th 40, 51 (4th Cir. 2023) (internal quotation marks omitted). Cansler raises an "as-applied" challenge to his prison term, arguing it is disproportionate given the circumstances of his case. *See id.*

"The Eighth Amendment's narrow proportionality principle does not require strict proportionality between crime and sentence, but forbids only extreme sentences that are grossly disproportionate to the crime." *Id.* (internal quotation marks omitted). To determine whether a sentence meets this standard, we follow a two-step test, first comparing "the gravity of the offense and the severity of the sentence" and asking whether that comparison "leads to an inference of gross disproportionality." *Id.* (internal quotation marks omitted). "This step is satisfied only in a rare case." *Id.* (internal quotation marks omitted). If such an inference can be drawn, we then compare "the defendant's sentence (1) to sentences for other offenses in the same jurisdiction; and (2) to sentences for similar offenses in other jurisdictions." *Id.* (internal quotation marks omitted). The sentence

5

violates the Eighth Amendment "only if that comparative analysis validates the inference of gross disproportionality." *Id.*

"The Supreme Court has identified a non-capital sentence as grossly disproportionate in just one case, where a repeat offender received a life sentence without parole for passing a bad check for $100." *Id.* (citing *Solem v. Helm*, 463 U.S. 277, 296-97 (1983) (emphasizing in reaching conclusion that conduct was "one of the most passive felonies a person could commit" and "involved neither violence nor threat of violence to any person" (internal quotation marks omitted)). It has rejected all other proportionality challenges to life sentences, "consistently declining to draw the threshold inference of gross disproportionality." *Id.* (listing cases). And this court, "too, has not identified a grossly disproportionate life sentence or putative life sentence in the wake of *Solem*." *Id.* at 52 (internal quotation marks omitted).

We conclude that there is no basis here to infer that Cansler's 360-month prison term is grossly disproportionate to his offense. Even granting—as Cansler suggests is the case—that his 360-month sentence is the functional equivalent of a life sentence given that 300 months of it must be served after completion of his 50-year prison term imposed in Florida, his enticement offense is "at least as grave as the drug offense in *Harmelin* [*v. Michigan*, 501 U.S. 957 (1991) (upholding sentence of life without parole for first-time offender convicted of possessing 672 grams of cocaine)], which the Supreme Court deemed sufficiently egregious to justify a similar sentence." *Id.* (internal quotation marks omitted). Cansler repeatedly raped and sexually abused his daughter for his own sexual gratification and filmed himself doing so. His offense exploited and abused a vulnerable victim—his

6

own daughter living with him—and is far from "one of the most passive felonies a person could commit." *Solem*, 463 U.S. at 296 (internal quotation marks omitted); *see United States v. Dowell*, 771 F.3d 162, 168-69 (4th Cir. 2014) (emphasizing harm caused by exploitation and molestation of young child in holding that 960-month sentence for producing child pornography did not give rise to threshold inference of gross disproportionality). We thus conclude no plain error in this regard is present.

Turning to Cansler's supplemental brief, we conclude that, because he presents no developed argument to support claims of error under *Rogers* and *Singletary* or in the imposition of the $5,000 assessment under § 2259A(a), he has waived review of those issues. *See Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 n.4 (4th Cir. 2024); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

As for the district court's imposition of the $5,000 assessment under 18 U.S.C. § 3014(a), Cansler did not object below, and we thus apply plain error review. *United States v. McMiller*, 954 F.3d 670, 674 (4th Cir. 2020).

Section 3014 mandates that the district court "assess an amount of $5,000 on any non-indigent person . . . convicted of an [enumerated] offense," including Cansler's § 2251 sexual exploitation offense. 18 U.S.C. § 3014(a)(3). A district court must find both requirements of non-indigency and a qualifying offense are met before imposing the assessment, but this finding need not be explicit. *See id.* (determining that implicit finding of non-indigency was "adequate").

There is no dispute that Cansler was convicted of a qualifying offense; what the parties dispute is whether the district court met the statutory requirement to find him

7

non-indigent before imposing the assessment. Cansler maintains the court never made such a finding, while the Government relies on *McMiller* to support its claim that the district court made a non-indigency finding.

In *McMiller*, the defendant was convicted of a qualifying offense and—without any objection—the district court ordered him to pay assessments under § 3014 based on the recommendation in the presentence report (PSR) reflecting the probation officer's consideration of his "financial resources and assets, financial obligations, projected earnings, other income, age, education, health, dependents, and work history." *Id.* (internal quotation marks omitted). Based on that information, the probation officer concluded that McMiller likely could find employment while on supervised release and thus would be able to pay the assessments; relying on the recommendation in the PSR, the district court determined it would be "feasible" for him to pay the special assessment balances once he was released from prison. *Id.* The district court's ruling, we held, reflected "at least an implicit determination that McMiller was 'non-indigent,'" and we concluded that this "implicit" finding was both "adequate under the circumstances and not plainly erroneous" given McMiller's failure to object to the financial report in the PSR and to the imposition of the assessments and emphasis on his master's degree and employment history in seeking a downward variance. *Id.* at 674-75. We also held that the district court had properly considered McMiller's future earnings potential in imposing the assessments. *Id.* at 675.

After reviewing the record, we conclude that the district court's ruling reflects at least an implicit determination that Cansler was "non-indigent" and that this implicit finding was not plainly erroneous. Cansler never objected to the financial assessment in

8

the PSR that the district court adopted, to the probation officer's recommendation that the district court impose the assessment under § 3014(a) based on the conclusion that he could pay the assessment from his monthly benefits payments, or to the court's imposition of the assessment. Moreover, Cansler affirmatively asserted at sentencing that his payments should support both his children for the duration of their time as minors and, thereafter, satisfy payment of the assessment. Given these circumstances, the district court did not plainly err "in failing to make a more explicit finding that [Cansler] was 'non-indigent'" and in imposing the assessment based on its implicit finding. *Id.* at 674.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds remaining for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cansler, in writing, of the right to petition the Supreme Court of the United States for further review. If Cansler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cansler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

9