**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4650

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY PYOS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:16-cr-00178-CMH-1)

Submitted:  February 2, 2026                          Decided:  February 4, 2026

Before NIEMEYER and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2016, a jury convicted Larry Pyos, Jr., of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); five counts of Hobbs Act robbery (Counts 2, 6, 7, 8 and 9), and one count of attempted Hobbs Act robbery, also in violation of § 1951 (Count 3); two counts of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 10 and 16); three counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 11, 14, and 15); and eight counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  In April 2017, Pyos was sentenced to an aggregate sentence of 1390 months in prison, consisting of (1) 70 months for each of the Hobbs Act robbery and attempted robbery convictions ("Hobbs Act convictions"), which were imposed to run concurrently to each other; (2) a 12-month sentence for Count 10, which was imposed to run consecutively to all other counts; and (3) 300-month terms for Counts 11, 14, 15, and 16, which were imposed to run consecutively to each other and consecutive to the 70-month aggregate sentence imposed for the Hobbs Act convictions.  The court also imposed a five-year term of supervised release, which included four special supervised release conditions.

On appeal, Pyos argued that the district court erroneously denied his Fed. R. Crim. P. 29 motion for judgment of acquittal as to the Hobbs Act convictions and the § 924(c) convictions predicated on the Hobbs Act robbery counts.  *See United States v. Pyos*, No. 17-4269, 2022 WL 17592130, at *1 (4th Cir. Dec. 13, 2022) ("*Pyos I*").  Pyos also argued that the district court erroneously denied his motion for disclosure of the Government's

2

star witness' presentence report because the ruling was contrary to *Brady v. Maryland*, 373 U.S. 83 (1963). *See Pyos I*, 2022 WL 17592130, at *1.

We affirmed the criminal judgment, in part, and vacated the judgment, in part. *See id.* at *3. Specifically, we agreed that Count 11 (brandishing a firearm during a crime of violence) was no longer valid because it was predicated on the attempted Hobbs Act robbery offense charged in Count 3. *Id.* (citing to *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020)). The court therefore vacated Pyos's conviction on Count 11 and remanded the case for resentencing. *Id.* We affirmed the remainder of the criminal judgment. *Id.*

On remand, the district court accepted the parties' agreement that the district court impose a sentence of one day on the non-mandatory minimum counts (Counts 1-3, 6-9, 18, and 23) and the 34-year mandatory minimum on the four § 924(c) counts. The court also imposed a five-year term of supervised release, albeit without the special supervised release conditions contained in Pyos's original criminal judgment. In his second appeal, which was brought pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel challenged only the validity of the four remaining § 924(c) convictions. *See United States v. Pyos*, No. 23-4462 (ECF No. 16). We ordered supplemental briefing regarding whether the district court complied with *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), when it pronounced that Pyos would be subject to a five-year term of supervised release. The Government filed an unopposed motion to vacate the district court's amended judgment and to remand the case for resentencing, which we granted.

At Pyos's second resentencing hearing, the district court again observed that the parties agreed upon an appropriate sentence, and the parties explained that the only minor

3

disagreement was what supervised release term should be imposed. The district court afforded Pyos an opportunity to allocute, and the court imposed the sentence to which the parties agreed, and again imposed a five-year term of supervised release. During the hearing, the district court expressly announced all discretionary supervised release conditions that it later included in the amended written criminal judgment.

Pyos has again appealed and, in an *Anders* brief, counsel concedes that there are no meritorious issues for appeal but challenges whether a completed Hobbs Act robbery is a "crime of violence" under § 924(c)(3). Pyos has filed a supplemental pro se brief in which he raises multiple challenges to his convictions and sentence, including asserting that his trial counsel was ineffective. The Government has not filed a response brief. Finding no error, we affirm the criminal judgment imposed after Pyos's resentencing.

Although counsel and Pyos both seek to challenge Pyos's convictions on this appeal, only his most recently imposed sentence is before us for review.[*] *See, e.g.*, *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (explaining that, under the mandate rule, "any issue conclusively decided by this court on the first appeal is not remanded" (internal quotation marks omitted)). Thus, we are tasked only with reviewing the sentence imposed at Pyos's second resentencing for "reasonableness" by applying the "deferential abuse-of-discretion standard," *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation

---

[*] We have considered the arguments Pyos raises in his pro se supplemental brief and find them to be meritless.

4

marks omitted), and we may review any unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010).

In conducting our review for reasonableness, this court's "inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).

"Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness by considering the totality of the circumstances." *Id.* (internal quotation marks omitted). In considering the substantive reasonableness of a sentence, the court "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

"[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted). Indeed, a defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

In this case, the parties agreed—before Pyos's first and second resentencing hearings—that a sentence of one day on the non-mandatory minimum counts, and the 34-year mandatory minimum on the four § 924(c) convictions, was an appropriate sentence and serves the goals of sentencing in Pyos's case. We find that the district court acted well within its discretion to accept the parties' agreement as an appropriate sentence.

The district court must also "provide some indication . . . that it considered a defendant's nonfrivolous arguments for a lower sentence." *Nance*, 957 F.3d at 212-13 (internal quotation marks omitted). Here, the district court heard argument regarding an appropriate term of supervised release and sided with the Government. From the full context of the three sentencing hearings, and knowing that the parties had previously agreed on the supervised release term, we can infer that the district court considered and rejected Pyos's argument for a lesser supervised release term than the one the district court imposed. *See United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006) ("We will not vacate [a] sentence simply because the court did not spell out what the context of its explanation made patently obvious[.]").

Moreover, Pyos's failure to object to the conditions of supervised release the district court imposed means that our review is for plain error. *United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). As we have discussed, "the amount of explanation required to permit meaningful appellate review of supervised release conditions undoubtedly will vary with the nature of the condition imposed and the circumstances of each case," and some conditions are "unobtrusive" or have "self-evident" reasons. *Id.* at 677. In *McMiller*, we found plain error because two discretionary conditions were life long and onerous. Here,

6

the imposed conditions are not the type of onerous or lengthy conditions that would lead to plain error. Indeed, in the second resentencing, defense counsel appears to have asked for these conditions.

We have reviewed the relevant portions of the district court record in accordance with *Anders* and conclude that the district court did not err when it imposed Pyos's sentence on remand, and we have found no potentially meritorious grounds for appeal. We therefore affirm the criminal judgment imposed after Pyos's second resentencing. This court requires that counsel inform Pyos, in writing, of the right to petition the Supreme Court of the United States for further review. If Pyos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pyos. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*